857 P.2d 623

**Robert SELZLER, Claimant–Appellant,**

v.

**STATE OF IDAHO, INDUSTRIAL SPECIAL INDEMNITY FUND, Defendant–Respondent.**

**No. 19707.**

Supreme Court of Idaho, Boise, May 1993 Term.

Aug. 2, 1993.

---

Danny J. Radakovich, Lewiston, for appellant.

Randall, Blake & Cox, Lewiston, for respondent. Jay P. Gaskill argued.

JOHNSON, Justice.

This is a workers' compensation case. The sole issue presented is whether there is substantial and competent evidence to support the Industrial Commission's finding that the claimant is totally and permanently disabled without any contribution from a preexisting physical impairment. We conclude that there is substantial and competent evidence to support the Commission's finding.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

Robert Selzler was employed by Potlatch Corporation for work as a press operator in a plywood plant. In 1974, Selzler injured his back at work while shoveling wet and frozen sawdust. As a result of this injury, Selzler had several back surgeries and continues to experience severe physical problems.

Prior to his injury, Selzler was essentially illiterate and had low math skills. Selzler has received little benefit from extensive tutoring. After entering into a lump sum agreement with Potlatch, which the Commission approved in 1981, Selzler pursued a claim against the Industrial Special Indemnity Fund (ISIF). Selzler contended that he suffers from a preexisting learning disability that combined with the effects of the 1974 injury to cause total disability and that ISIF should compensate him for the percent of total disability resulting from his learning disability.

The Commission held several hearings concerning ISIF's liability in 1980 and 1981 and a final hearing in 1988. The Commission entered its findings of fact, conclusions of law, and order in 1991, concluding that ISIF is not liable for any of Selzler's disability.

The Commission accepted the opinion of a panel of physicians, which rated Selzler at sixty-five percent impairment of the whole person based on his surgery, the defects in his x-rays, and the limitation of his movements. The panel did not refer to Selzler's pain or depression in the rating. The Commission found: (1) Selzler's pain was attributable to the 1974 injury, (2) Selzler was totally impaired as a combined result of the impairment noted by the panel of physicians and Selzler's pain and depression, and (3) Selzler was totally and permanently disabled.

The Commission concluded that any learning disabilities Selzler has did not combine with the 1974 injury to cause Selzler's total and permanent disability, because the 1974 injury by itself left Selzler totally and permanently disabled. Therefore, the Commission concluded, ISIF is not liable for any portion of Selzler's disability. Selzler appealed.

## II.

### THERE IS SUBSTANTIAL AND COMPETENT EVIDENCE TO SUPPORT THE COMMISSION'S DECISION THAT ISIF IS NOT LIABLE FOR ANY OF SELZLER'S TOTAL AND PERMANENT DISABILITY.

Selzler asserts that there is no substantial and competent evidence to support the Commission's decision that ISIF is not liable for any of Selzler's total and permanent disability. We disagree.

Selzler argues that there is no medical testimony or finding by the Commission of impairment beyond sixty-five percent. The Commission found several expert opinions persuasive, including those of Potlatch's panel of physicians. The panel determined that Selzler could not do any work that required bending, stooping, leaning over, or staying in any position for a significant amount of time. The panel rated Selzler at sixty-five percent impairment of the whole person based on his surgery, the defects in his x-rays, and the limitation of his movements. Although the panel indicated that Selzler was experiencing pain as a result of the 1974 injury, the panel did not specifically refer to Selzler's pain in arriving at its impairment rating. The panel referred specifically to Selzler's "extensive surgery, the defects in his X-rays and the limitations of his movements noted on examination."

Selzler testified that he suffers from head, neck and back pain, ringing in his ears, numbness and tingling in his left arm, numbness and burning in his legs, stomach problems, and depression, and that he had none of these problems before his 1974 injury.

A psychologist stated that Selzler suffers from pain and depression, and identified functional implications of the depression.

In *Urry v. Walker and Fox Masonry Contractors*, 115 Idaho 750, 769 P.2d 1122 (1989), the Court stated that pain relates to functional loss and is a medical factor to be considered in determining impairment. *Id.* at 754-55, 769 P.2d at 1126-27. The Court also pointed out that when determining impairment, the opinions of medical experts are not binding on the Commission, but are only advisory. *Id.* at 755-56, 769 P.2d at 1127-28. The Commission may make its own finding on the existence of pain as producing functional loss. *Id.* at 754, 769 P.2d at 1126.

In *Hartley v. Miller–Stephan*, 107 Idaho 688, 692 P.2d 332 (1984), the Court held that a preexisting psychological disorder is not a preexisting physical impairment within I.C. § 72–332. In dicta, the Court stated:

Psychological disorders should be compensated, if they are proximately caused by the job environment and if they result in loss of earning capacity. Likewise, the physical symptoms indirectly caused by psychological illness might come within the definition of physical impairment, preexisting or otherwise.

*Id.* at 690, 692 P.2d at 334.

In *Harrison v. Osco Drug, Inc.*, 116 Idaho 470, 776 P.2d 1189 (1989), the Court cited *Hartley* and affirmed an award of compensation for psychological counseling necessary to correct physical problems resulting from an industrial injury. The Court stated:

Our prior cases have established that psychological disorders should be compensated if they are proximately caused by an industrial accident and if they result in loss of earning capacity; the physical symptoms indirectly caused by psychological illness may come within the definition of permanent impairment.

*Harrison*, 116 Idaho at 473, 776 P.2d at 1192.

There is substantial and competent evidence to support the Commission's finding that Selzler's 1974 injury and the pain and depression it caused resulted in total impairment and total and permanent disability.

I.C. § 72–332 (1971) (amended 1978, 1981) states that when an employee has a preexisting permanent impairment and becomes totally and permanently disabled from the effects of an industrial accident that combines with the preexisting impairment, the employer is liable only for the disability caused by the injury, and ISIF is liable for the remainder. ISIF is not liable unless the disability would not have been total but for a preexisting condition. *Garcia v. J.R. Simplot, Co.*, 115 Idaho 966, 970, 772 P.2d 173, 177 (1989), *overruled on other grounds, Archer v. Bonners Ferry Datsun*, 117 Idaho 166, 786 P.2d 557 (1990). Under *Garcia*, it is irrelevant whether or not Selzler suffered from a preexisting impairment.

## III.

### CONCLUSION.

We affirm the Commission's order.

We award costs on appeal to ISIF.

McDEVITT, C.J., BISTLINE and SILAK, JJ., and JUDD, J., Pro Tem., concur.