# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44241

STEVEN ANDREWS, )
) Boise, April 2017 Term
  Claimant-Appellant, )
) 2017 Opinion No. 51
v. )
) Filed: May 26, 2017
STATE OF IDAHO, INDUSTRIAL )
SPECIAL INDEMNITY FUND, )
) Stephen Kenyon, Clerk
)
  Defendant-Respondent. )

Appeal from the Industrial Commission of the State of Idaho.

The order of the Industrial Commission is <u>affirmed</u>.

Cooper & Larsen, Chartered, Pocatello, for appellant. Reed Larsen argued.

Benoit, Alexander, Harwood, High & Mollerup, PLLC, Twin Falls, for respondent. Bren Mollerup argued.

_____

HORTON, Justice.

This is an appeal from the Industrial Commission. Steven Andrews filed for workers' compensation benefits after he fell from a ladder in 2009 while working for the Corporation of the Church of Jesus Christ of Latter Day Saints (LDS Church). Andrews sought to establish that the Idaho Industrial Special Indemnity Fund (ISIF) was liable pursuant to Idaho Code section 72-332. Following a hearing and consideration of post-hearing depositions, the referee issued his Findings of Fact, Conclusions of Law, and Recommendation on May 10, 2016. The referee concluded that Andrews failed to show that ISIF was liable because the evidence showed that any pre-existing physical impairments did not constitute a subjective hindrance and that Andrews failed to show that his pre-existing impairments combined with the industrial accident to cause his total and permanent disability. In an order of the same date as the referee's recommendation, the Commission adopted the recommendation. Andrews timely appealed, arguing that the Commission's order was not supported by substantial and competent evidence. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

1

Andrews was injured when he fell from a ladder in March 2009. Andrews was 53 years old and employed by the LDS Church as a mechanic at the time of the accident. Andrews had been employed by the LDS Church since 1988. Andrews was responsible for maintaining between 32 and 42 buildings for the LDS Church. Andrews graduated from Marsh Valley High School in 1977 and held a variety of jobs before being hired by the LDS Church.

The accident that led to Andrews filing this claim occurred on March 17, 2009. Andrews fell from a 12-foot upper mezzanine and landed on his shoulders on a stage. This accident required Andrews to have surgery on his lower back. Following the surgery, the LDS Church terminated Andrews' employment because they could no longer employ him due to his restrictions and physical disabilities. After losing his job, Andrews unsuccessfully attempted to find another job. Andrews had problems with his feet, knees, lower back, shoulders, and neck before the 2009 accident.

Andrews filed his workers' compensation claim in November 2010. In November 2011, Andrews reached a settlement agreement with the LDS Church. Andrews then proceeded with this claim against ISIF. In 2015, a hearing was held before the referee. On May 10, 2016, following post-hearing depositions, the referee filed his Findings of Fact, Conclusions of Law, and Recommendation. The referee found that Andrews had failed to show that his pre-existing injuries were a subjective hindrance to his employment and that he failed to show that but for the pre-existing injuries he would not have been totally and permanently disabled. Based on those findings, the referee recommended that the Commission hold that ISIF was not liable for Andrews' total and permanent disability. The Commission issued an order the same day adopting the referee's Findings of Fact, Conclusions of Law, and Recommendation. Andrews timely appealed.

## II. STANDARD OF REVIEW

"When this Court reviews a decision from the Industrial Commission, we exercise free review over questions of law, but review questions of fact only to determine whether the Commission's findings are supported by substantial and competent evidence." *Uhl v. Ballard Med. Products, Inc.*, 138 Idaho 653, 657, 67 P.3d 1265, 1269 (2003). This Court is "constitutionally compelled to defer to the Industrial Commission's findings of fact where supported by substantial and competent evidence." *Fife v. Home Depot, Inc.*, 151 Idaho 509, 513, 260 P.3d 1180, 1184 (2011). "Substantial and competent evidence is relevant evidence that

a reasonable mind might accept to support a conclusion." *Mazzone v. Texas Roadhouse, Inc.*, 154 Idaho 750, 755, 302 P.3d 718, 723 (2013). "This Court will not disturb the Commission's determination as to the weight and credibility of evidence unless clearly erroneous." *Id.* "In reviewing the Commission's decision, we must view the facts and all inferences from them most favorably to the party who prevailed before the Commission." *Dumaw v. J.L. Norton Logging*, 118 Idaho 150, 155, 795 P.2d 312, 317 (1990).

## III. ANALYSIS

The primary issue in this case is whether there is substantial and competent evidence to support the Commission's determination that ISIF is not liable for Andrews' total and permanent disability. Idaho Code section 72-332(1) providess:

> If an employee who has a permanent physical impairment from any cause or origin, incurs a subsequent disability by an injury or occupational disease arising out of and in the course of his employment, and by reason of the combined effects of both the pre-existing impairment and the subsequent injury or occupational disease or by reason of the aggravation and acceleration of the pre-existing impairment suffers total and permanent disability, the employer and surety shall be liable for payment of compensation benefits only for the disability caused by the injury or occupational disease, including scheduled and unscheduled permanent disabilities, and the injured employee shall be compensated for the remainder of his income benefits out of the industrial special indemnity account.

I.C. § 72-332(1). In *Dumaw*, this Court laid out a four-element test for apportioning liability under Idaho Code section 72-332. The four elements are: (1) whether there was a pre-existing impairment, (2) whether the impairment was manifest, (3) whether the impairment was a subjective hindrance, and (4) whether the impairment in any way combines in causing total permanent disability. *Dumaw*, 118 Idaho at 155, 795 P.2d at 317. The claimant has the burden of proving all four elements. *Eckhart v. State, Indus. Special Indem. Fund*, 133 Idaho 260, 263, 985 P.2d 685, 688 (1999). Here, the Commission adopted the referee's recommendation that Andrews had failed to show the last two elements. Andrews argues that this conclusion is not supported by substantial and competent evidence. As it is dispositive of this appeal, we first address the fourth element.

### A. Whether the pre-existing impairment in any way combines in causing total permanent disability

As noted above, the fourth element of the *Dumaw* test is whether the pre-existing impairment in any way combines in causing total and permanent disability. *Dumaw*, 118 Idaho at

155, 795 P.2d at 317. The Commission adopted the referee's finding that Andrews' total and permanent disability was due solely to his March 2009 accident and thus ISIF is not liable. Andrews contends that this finding is not based on substantial and competent evidence. We disagree.

"To satisfy the 'combined effects' requirement in I.C. § 72-332(1), a claimant must show that but for the pre-existing impairments, he would not have been totally permanently disabled." *Eckhart*, 133 Idaho at 263, 985 P.2d at 688. In *Eckhart*, the claimant attempted to establish ISIF liability for his total and permanent disability following a back injury. *Id.* at 261, 985 P.2d at 686. This Court upheld the Commission's determination that ISIF was not liable because Eckhart had failed to show that, but for pre-existing impairments, he would not have been disabled. *Id.* at 263, 985 P.2d at 688. The Commission found that Eckhart's total and permanent disability could be attributed solely to his final back injury. *Id.* at 263–64, 985 P.2d at 688–89.

The Commission's finding that Andrews' disability could be attributed solely to the 2009 accident was based on Dr. Collins' testimony. In her deposition of August 19, 2015, Dr. Collins testified that Andrews had a number of physical limitations as a result of his 2009 accident. Due to these limitations, Dr. Collins testified that Andrews likely would not be able to find a job in the Pocatello market. Additionally, Dr. Selznick testified that Andrews' surgery following the March 2009 accident was necessary solely because of that accident. Dr. Selznick also testified that the restrictions considered by Dr. Collins were the result of that surgery. The testimony of Drs. Collins and Selznick constitute substantial and competent evidence supporting the Commission's determination that Andrews' total and permanent disability resulted solely from the 2009 accident.

## B.  Whether the pre-existing impairment was a subjective hindrance

Because there is substantial and competent evidence in the record to support the Commission's finding that Andrews failed to meet the fourth element of the *Dumaw* test, we do not decide whether substantial and competent evidence supported the Commission's determination that the pre-existing impairment was not a subjective hindrance.

## C.  Attorney fees on appeal

ISIF seeks attorney fees on appeal pursuant to Idaho Appellate Rule 11.2. ISIF contends that Andrews' appeal simply asks this Court to reweigh the evidence before the Commission.

Idaho Appellate Rule 11.2 provides in pertinent part that:

4

The signature of an attorney or party constitutes a certificate that the attorney or party has read the notice of appeal, petition, motion, brief or other document; that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If the notice of appeal, petition, motion, brief, or other document is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the notice of appeal, petition, motion, brief or other document including a reasonable attorney's fee.

"We construe [Idaho Appellate Rule] 11.2 in the same manner as [Idaho Rule of Civil Procedure] 11(a)(1) because they have identical wording." *Akers v. Mortensen*, 160 Idaho 286, 289, 371 P.3d 340, 343 (2016) (quoting *Jim & Maryann Plane Family Trust v. Skinner*, 157 Idaho 927, 936, 342 P.3d 639, 648 (2015)). "[A]ttorney fees can be awarded as sanctions when a party or attorney violates either (a) the frivolous filings clause or (b) the improper purpose clause." *Id.* (quoting *Sims v. Jacobson*, 157 Idaho 980, 987, 342 P.3d 907, 914 (2015)).

After careful consideration, we have concluded that Andrews' arguments, although not ultimately persuasive, were not frivolously advanced. Therefore, we do not award attorney fees on appeal.

## IV.
## CONCLUSION

We affirm the order of the Industrial Commission and award costs, but not attorney fees, on appeal to Respondent ISIF.

Chief Justice BURDICK, Justices EISMANN, JONES and Justice Pro Tem KIDWELL, **CONCUR**.

5