## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No.46819

BRIAN MEDRAIN, dba EXCELLENCE HEATING AND COOLING,

    Plaintiff-Respondent,

v.

JADE LEE, an individual, and GOLDEN CHINA LIMITED LIABILITY COMPANY, an Idaho limited liability company,

    Defendants-Appellants,

And

BING LEE, an individual,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, February 2020 Term

Opinion Filed: April 17, 2020

Karel A. Lehrman, Clerk

---

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bingham County. Darren B. Simpson, District Judge.

The district court's judgment is <u>affirmed</u>. Attorney fees and costs on appeal are <u>awarded</u> to Medrain.

Law Offices of Jeremy D. Brown, Blackfoot, attorneys for Appellants. Jeremy D. Brown argued.

Smith Woolf Anderson & Wilkinson, PLLC, Idaho Falls, attorneys for Respondent. Marty R. Anderson argued.

---

BEVAN, Justice

### I. NATURE OF THE CASE

This case concerns the attempt by Jade Lee and Golden China, LLC, to appeal a decision of the magistrate court to the district court. The magistrate court awarded Brian Medrain dba Excellence Heating and Cooling ("Medrain") damages in a breach of contract action against defendants Bing Lee, Jade Lee, and Golden China, LLC. Bing filed a timely pro se notice of appeal to the district court identifying all three defendants as the appellants; however, the notice of appeal

1

was only signed by Bing as the appellant; neither Jade nor the attorney representing the defendants ever signed the notice of appeal. About ten months later the defendants retained new counsel who filed an amended notice of appeal on behalf of all three defendants. Medrain moved to dismiss the appeal. The district court granted Medrain's motion in part and held that Jade and Golden China, LLC, did not timely appeal the magistrate court's judgment. We affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Jade and Bing, a married couple, operate Golden China Restaurant through Golden China LLC ("Golden China"). In 2016, Bing contracted with Medrain to remodel a portion of the premises, including installation of a ventilation system for the Mongolian style grill. In May 2017, Medrain filed an amended verified complaint[1] against Jade, Bing, and Golden China, for breach of contract and quantum meruit/quasi contract, after he did not receive payment for his services. The defendants filed an answer and counterclaim for breach of contract against Medrain. Following a two-day trial, the magistrate court entered its findings of fact and conclusions of law in favor of Medrain. On November 1, 2017, the court entered a judgment in which all three defendants were jointly and severally liable to pay Medrain $6,400 on the breach of contract claim. Medrain filed a motion for attorney fees and costs, and on December 1, 2017, the magistrate court entered another judgment, "in addition to the prior judgment," awarding fees and costs under Idaho Code section 12-120(1) and 12-120(3).

On December 12, 2017, even though still represented by counsel, Bing filed a notice of appeal naming Bing, Jade, and Golden China as parties. However, it listed Bing Lee as pro se in the caption and the notice was only signed by Bing Lee as appellant. The next day, counsel for Medrain sent a letter to defendants' counsel, David Parmenter, notifying him of Bing's pro se notice of appeal. Parmenter responded, stating he would not be representing Bing on appeal. On January 25, 2018, Parmenter and Bing filed a stipulation for substitution of counsel, agreeing that Bing would represent himself pro se. Parmenter did not move to withdraw as counsel for Jade and Golden China until August 2, 2018, eight months after Bing filed his notice of appeal.

---

[1] On October 7, 2016, Medrain filed his first verified complaint, which named "Jade Lee aka Bing Lee, and Golden China LLC." Medrain filed an amended verified complaint on May 11, 2017, that named Jade Lee, an individual, Bing Lee, an individual, and Golden China LLC.

On August 28, 2018, Jeremy Brown entered a notice of appearance on behalf of Bing, Jade, and Golden China. On September 28, 2018, Brown filed an amended notice of appeal on behalf of all three defendants, requesting a trial de novo based on the insufficiency of the transcript. Shortly thereafter, Medrain moved to dismiss the appeal as a whole, or alternatively, as it pertained to Jade and Golden China, arguing that Bing could not sign the notice of appeal on behalf of other parties.

The district court granted Medrain's motion to dismiss the appeal in part. The district court held that while Bing filed a timely notice of appeal on behalf of himself, he lacked the legal authority to prepare or sign documents on behalf of, or to represent, Jade or Golden China. The court also held that the amended notice of appeal could not relate back to Bing's original filing under Idaho Appellate Rule 17(m) because it was seeking to add parties to Bing's notice of appeal, rather than simply adding information or additional facts. The court further held that Bing could not prepare documents for signature by other parties because he did not have a license to practice law. The court concluded that Brown had the authority to file the amended notice of appeal, but that it was not filed timely. The court reasoned, "[t]o allow an attorney to add parties to a pro se notice of appeal, beyond the forty-two day deadline for filing an appeal, eviscerates Idaho Appellate Rule 14(a) and its forty-two day deadline for filing an appeal." Thus, the district court dismissed Jade and Golden China from the appeal, but allowed Bing's appeal to proceed. Jade and Golden China timely appealed to this Court.

### III. ISSUES ON APPEAL

1. Whether the district court properly determined that Jade and Golden China failed to timely appeal the magistrate court's judgment.[2]

2. Whether any party is entitled to attorney fees on appeal.

### IV. STANDARD OF REVIEW

When this Court reviews the decision of a district court sitting in its capacity as an appellate court, the standard of review is as follows:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and

---

[2] In their reply brief, Jade and Golden China allege for the first time that the magistrate court lacked subject matter jurisdiction to consider Medrain's claims. Jade and Golden China never objected to the assignment of the case to the magistrate before trial, thus, any objection was waived. I.R.C.P. 1.3.

> if the district court affirmed the magistrate's decision, we affirm the
> district court's decision as a matter of procedure.
>
> Thus, this Court does not review the decision of the magistrate court. Rather, we
> are procedurally bound to affirm or reverse the decisions of the district court.

*Pelayo v. Pelayo*, 154 Idaho 855, 858–59, 303 P.3d 214, 217–18 (2013) (citations and internal quotations omitted).

Jurisdiction is a question of law reviewed de novo. *State v. Schmierer*, 159 Idaho 768, 770, 367 P.3d 163, 165 (2016). "[T]he failure to timely file an appeal is jurisdictional and the appeal must be automatically dismissed, either upon motion of a party or [by] sua sponte action by the district court." *Smith v. Smith*, 164 Idaho 46, 52, 423 P.3d 998, 1004 (2018) (quoting *Vierstra v. Vierstra*, 153 Idaho 873, 877, 292 P.3d 264, 268 (2012)).

The interpretation of the Idaho Rules of Civil Procedure is a matter of law. *Black v. Ameritel Inns, Inc.*, 139 Idaho 511, 513, 81 P.3d 416, 418 (2003) (citing *Hutchinson v. State*, 134 Idaho 18, 21, 995 P.2d 363, 366 (Ct. App. 1999)). This Court exercises free review over matters of law. *Id.* (citing *Iron Eagle Dev., L.L.C. v. Quality Design Sys., Inc.*, 138 Idaho 487, 491, 65 P.3d 509, 513 (2003)).

## V. ANALYSIS

**A.      Jade and Golden China failed to timely appeal the magistrate court's judgment.**

Jade and Golden China argue that they properly appealed the magistrate court decision, and if there was any defect, it was only their failure to timely sign the notice of appeal filed by Bing. Jade and Golden China assert this defect was cured when the amended notice of appeal was filed.

Idaho Rule of Civil Procedure 83 sets forth the scope of appeals from decisions of the magistrate court to the district court. There is no requirement under Idaho Rule of Civil Procedure 83 that a notice of appeal be signed; however, "[a]ny appellate procedure not specified in [Rule 83] must be in accordance with the Idaho Rules of Civil Procedure or the Idaho Appellate Rules." I.R.C.P. 83(q). Idaho Rule of Civil Procedure 11(a) requires "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record licensed in the State of Idaho, in the individual attorney's name, or by a party personally if the party is unrepresented." Rule 11(a) further provides "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Idaho Appellate Rule 11.2 also contains a signature requirement, specifying, "[e]very notice of appeal . . . shall be signed by at

4

least one (1) licensed attorney of record . . . . A party who is not represented by an attorney shall sign the notice of appeal . . . and state the party's address."

Bing's notice of appeal stated, "Jade Lee, an individual, Bing Lee, an individual, and Golden China Limited Liability Company, an Idaho limited liability company, appeals [sic] . . . ." That said, it listed Bing Lee as pro se in the caption, and was only signed by Bing Lee as appellant. There is no evidence to suggest that Jade ever attempted to sign Bing's notice of appeal. Golden China could not have signed Bing's pro se appeal because "a business entity, such as a corporation, limited liability company, or partnership, must be represented by a licensed attorney before an administrative body or a judicial body." *Indian Springs LLC v. Indian Springs Land Inv., LLC*, 147 Idaho 737, 744–45, 215 P.3d 457, 464–65 (2009).

At the time Bing filed the notice of appeal, Bing, Jade, and Golden China were represented by Parmenter. Parmenter never signed or filed a notice of appeal on behalf of Jade or Golden China, nor did he withdraw as counsel for Jade and Golden China for nearly nine months. Thus, by the time Jade and Golden China retained new counsel and filed the amended notice of appeal, the time to appeal had long-since expired. The failure to file a notice of appeal with the district court within forty-two days is jurisdictional and will cause automatic dismissal of the appeal. I.R.C.P. 83(e)(m); *see also BHC Intermountain Hosp., Inc. v. Ada Cnty.*, 148 Idaho 294, 295, 221 P.3d 520, 521 (2009) (holding a district court has no jurisdiction to consider appeal from the magistrate court when the notice of appeal was not timely filed).

Still, Jade and Golden China allege that the amended notice of appeal relates back to Bing's notice of appeal under Idaho Appellate Rule 17. Rule 17 allows an appellant to file an amended notice of appeal that relates back to the original filing if the original notice of appeal erroneously states any of the information and requirements of the rule or if additional facts arise after the initial notice of appeal is filed. I.A.R. 17(m). As determined by the district court, the amended notice of appeal did not seek to add *information or facts* to Bing's notice of appeal, instead it sought to add Jade and Golden China as *parties*.

Jade and Golden China also allege that the district court granted Medrain's motion to dismiss under the theory that Bing's notice of appeal naming Jade and Golden China as appellants amounted to Bing practicing law without a license. Jade and Golden China have misconstrued the district court's ruling. The district court did not attempt to penalize Bing for practicing law without a license; rather, the court properly concluded that Bing was unable to file a pro se notice of appeal

5

on behalf of Jade or Golden China. Jade and Golden China were represented by counsel at the time, and Parmenter did not file a timely appeal on their behalf. Bing's timely filed appeal may proceed; however, we affirm the district court's order that Jade and Golden China did not timely appeal the magistrate court's judgment.

**B.      Medrain is awarded attorney fees on appeal.**

Both parties request attorney fees on appeal. Jade and Golden China request attorney fees pursuant to Idaho Code section 12-121 and 12-123, Idaho Rule of Civil Procedure 54 and Idaho Appellate Rules 35(a)(5), 35(b)(5) and 41. Attorney fees are not appropriate since Jade and Golden China are not prevailing parties.

Medrain requests attorney fees under Idaho Code section 12-120(1), section 12-120(3), and Idaho Appellate Rules 40 and 41. We conclude that section 12-120(3) is most-applicable in this case and award attorney fees under that statute. Idaho Code section 12-120(3) provides, in pertinent part, that "[i]n any civil action . . . in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs." I.C. § 12-120(3). "Under this statute, when a commercial transaction comprises the gravamen of a lawsuit, the prevailing party shall be awarded attorney fees." *First Bank of Lincoln v. Land Title of Nez Perce Cnty., Inc*., 165 Idaho 813, 824, 452 P.3d 835, 846 (2019) (quoting *Kugler v. Nelson*, 160 Idaho 408, 416, 374 P.3d 571, 579 (2016)). "All transactions other than those for personal or household purposes are considered commercial transactions." *Id*.

Medrain is entitled to attorney fees under Idaho Code section 12-120(3) because there was an underlying commercial transaction integral to Medrain's claims. The restaurant was a business and Medrain performs HVAC services for a commercial purpose. Thus, an award of attorney fees and costs under section 12-120(3) is appropriate.

**VI. CONCLUSION**

We affirm the district court's judgment. Attorney fees and costs on appeal are awarded to Medrain.

Chief Justice BURDICK, Justices BRODY, STEGNER and MOELLER, CONCUR.

6