IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 49061

| | |
|---|---|
| In the Matter of: John Doe I, A Child Under Eighteen (18) Years of Age. | ) ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, | ) ) ) |
| Petitioner-Respondent, | ) Filed: December 9, 2021 ) ) Melanie Gagnepain, Clerk ) |
| v. | ) THIS IS AN UNPUBLISHED ) OPINION AND SHALL NOT |
| JOHN DOE (2021-34), | ) BE CITED AS AUTHORITY ) |
| Respondent-Appellant. | ) ) ) |

Appeal from the Magistrate Division of the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. James Combo, Magistrate Judge.

Judgment terminating parental rights, affirmed.

Anne C. Taylor, Kootenai County Public Defender; Jeanne M. Howe, Deputy Public Defender, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Denise L. Rosen, Deputy Attorney General, Coeur d'Alene, for respondent.

---

LORELLO, Judge

John Doe (2021-34) appeals from the judgment terminating his parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the father of the minor child in this action who was born in 2018 while the child's mother was in prison. Approximately three months after birth, the child was placed into foster care following Doe's arrest for possession of controlled substances. Temporary custody of the child was awarded to the Idaho Department of Health and Welfare. The magistrate court approved

1

a case plan for each parent and conducted several review hearings while the child was in the Department's custody. Ultimately, the Department filed a petition to terminate the parental rights of both parents. The magistrate court terminated Doe's parental rights after concluding that clear and convincing evidence showed that he neglected the child and that termination is in the child's best interests.[1] Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Jurisdiction is a question of law that is reviewed de novo. *Medrain v. Lee*, 166 Idaho 604, 607, 462 P.3d 132, 135 (2020).

## III.

## ANALYSIS

Doe asserts the magistrate court erred in concluding that it had jurisdiction, that Doe neglected the child, and that termination is in the child's best interests. The Department responds that Doe has failed to show the magistrate court erred in finding jurisdiction. The Department also

---

[1]     The magistrate court also terminated the mother's parental rights. The decision to terminate the mother's parental rights is not at issue in this appeal.

asserts that substantial and competent evidence supports the conclusions of neglect and best interests. We affirm.

**A.    Jurisdiction**

Doe asserts that the magistrate court "abused its discretion by allowing [a] witness . . . to testify as to certain matters and to render expert opinions at the termination trial without proper qualification." Further, Doe asserts that the "magistrate court admitted hearsay evidence, over proper objection, into the trial record" and that, "since such evidence was not substantial and competent, the magistrate court did not have jurisdiction to decree termination." In a similar vein, Doe also asserts a lack of jurisdiction because the Department's sole witness "was not a competent witness." According to Doe, the witness was not competent because "much of the testimony by [the witness] was not based on personal knowledge." The Department responds that the issue is unpreserved for appeal because Doe failed to object to the expert witness testimony, and that, in any event, the magistrate court correctly considered the challenged expert testimony. The Department also asserts that the magistrate court did not err in overruling Doe's hearsay objections.

We begin by noting that Doe fails to specify what testimony he asserts was expert testimony. General attacks on the findings and conclusions of a trial court that lack reference to specific evidentiary or legal errors are insufficient to preserve an issue. *Idaho Dep't of Health & Welfare v. Doe*, 150 Idaho 103, 113, 244 P.3d 247, 257 (Ct. App. 2010). This Court will not search the record on appeal for error. *Id.* In addition, Doe fails to articulate how the challenged expert witness testimony relates to the magistrate court's conclusion that it had jurisdiction. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). Similarly, Doe presents no argument or authority that the magistrate court erred in overruling his hearsay objections and fails to identify what specific hearsay evidence he challenges that is relevant to jurisdiction.[2] Thus, we need not consider whether the magistrate court erred in admitting expert witness testimony or hearsay evidence.

---

[2]    In Doe's statement of the case, he asserts that the magistrate court erred in overruling his objections to specific testimony. However, the objected-to testimony did not concern facts relevant to jurisdiction.

Even if Doe, on appeal, had adequately challenged specific hearsay evidence, he presents no authority that evidence is not competent if it is hearsay. Consequently, we need not consider this argument. In any event, Doe's argument runs contrary to the notion that "hearsay evidence admitted without objection 'is as strong as any other legally competent evidence.'" *In re Doe (2017-6)*, 162 Idaho 280, 283, 396 P.3d 1162, 1165 (2017) (quoting 29A Am. Jur. 2d *Evidence* § 1367 (2008)). We recognize that Doe made hearsay objections but, given that Doe failed on appeal to adequately challenge the magistrate court's rulings on these objections, his situation is no different on appeal than if he had made no objection. Thus, if the magistrate court considered hearsay evidence in concluding that it had jurisdiction, such consideration was proper.

We next address Doe's contention that the witness lacked personal knowledge. In support, Doe cites I.R.E. 602, which requires a witness to have personal knowledge. However, Doe fails to identify what specific portions of the witness's testimony relevant to jurisdiction were not based on personal knowledge. Again, this general attack is insufficient to preserve the issue Doe asserts on appeal, and we will not search the record for error. *See Doe*, 150 Idaho at 113, 244 P.3d at 257. In addition, Doe fails to cite the legal standard governing a magistrate court's jurisdiction over a petition for termination of parental rights and does not articulate how the facts failed to establish jurisdiction, which would provide an additional basis to disregard this issue. *See Doe (2018-24)*, 164 Idaho at 147, 426 P.3d at 1247. Doe's jurisdictional arguments fail.

**B.      Statutory Basis for Termination**

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain

4

incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117. Neglect may be established under any of the several statutory definitions of neglect. *See* I.C. § 16-2002(3) (incorporating the definitions of the term "neglected" in I.C. § 16-1602(31)).

The magistrate court concluded, by clear and convincing evidence, that the Department established two different statutory grounds for neglect: (1) neglect by inability to discharge parental responsibilities, I.C. § 16-1602(31)(b);[3] and (2) neglect by failure of the parent to complete a case plan, I.C. § 16-2002(3)(b). Doe challenges both conclusions of neglect. We address each in turn.

> ### 1.    Neglect by inability to provide care

Under I.C. § 16-1602(31)(b), a child is neglected when a parent is unable to discharge his or her responsibilities to and for the child, and as a result of such inability, the child lacks the parental care necessary for his or her health, safety, or well-being. The magistrate court concluded that Doe neglected the child under this definition after making the following relevant factual findings: (1) the child was taken into custody after Doe was arrested for possession of two controlled substances (methamphetamine and marijuana) while traveling with the child; (2) Doe completed a Global Appraisal of Individual Needs (GAIN) assessment "but did not follow through with treatment services while in Idaho"; (3) Doe obtained housing in Idaho but, after his release following another arrest, he moved to a different state; (4) Doe completed a GAIN assessment after moving to the other state and this time completed treatment; (5) the Department determined that it was not safe to have the child join Doe in the other state because there were "continued substance abuse concerns in the home and a positive test from" Doe; (6) Doe failed to appear for a parental fitness evaluation in Idaho despite the Department providing vouchers for Doe's expenses; (7) Doe's visitation with the child was inconsistent during the child protection case; and (8) Doe failed to complete his case plan.

---

[3]    The magistrate court cited to I.C. § 16-2002(3)(a) without specifying which specific definition of neglect it found. Because the magistrate court's language tracks that of I.C. § 16-1602(31)(b), we conclude the magistrate court relied on that statute, as Doe recognizes.

Doe asserts that "the evidence before the magistrate court was primarily based on speculation, evidence lacking foundation[,] and allegations supported by improper hearsay."[4] According to Doe, "this type of evidence can't be the basis" for "the termination of [Doe's] parental rights." Once again, however, Doe fails to present legal authority in support of his argument. Consequently, we will not consider whether the magistrate court erred in making the factual findings listed above. *See Doe (2018-24)*, 164 Idaho at 147, 426 P.3d at 1247.

Doe also asserts that there was no "evidence to establish a causal connection to find [that] the child lacked the parental care necessary for his health, safety[,] or well-being" because Doe "had little control over what occurred with the child once in [the Department's] custody" and no evidence showed that the child lacked parental care while with Doe. Doe's argument lacks merit. While addressing a related definition of neglect, we held that "a parent can neglect a child by failing to provide proper parental care even if the child's needs are being met by others." *Idaho Dep't Health & Welfare v. Doe (2020-37)*, 168 Idaho 74, 79, 479 P.3d 467, 472 (Ct. App. 2021) (interpreting I.C. § 16-1602(31)(a)). The same rationale applies here. The question is whether (due to Doe's inability) the child "lacks the *parental* care necessary for [the child's] health, safety[,] or well-being." I.C. § 16-1602(31)(b) (emphasis added). Thus, a parent can neglect a child through an inability to provide parental care even if the child's needs are being met by others. In addition, contrary to Doe's assertion, there was evidence of this type of neglect while the child was in Doe's custody. Notably, Doe was arrested for possessing controlled substances while traveling with the child.

This leaves Doe's conclusory assertion that "there was not substantial and competent evidence to support a finding [that Doe] was unable to discharge the responsibilities to and for the child." We disagree. The factual findings listed above provide substantial and competent evidence

---

[4]     Doe, in this argument section of his brief, does not identify what specific evidence he challenges on appeal. As noted above, he asserts in his statement of the case that the magistrate court erred in overruling his objections to specific testimony, some of which may be relevant to this definition of neglect. This does not comply with I.A.R. 35(a), which requires argument and citations to the record in the argument section of an appellant's brief, I.A.R. 35(a)(6), but not the statement of the case, I.A.R. 35(a)(3). Even if we overlooked this deficiency in Doe's briefing, we need not address the specific objections for the reasons discussed subsequently in this opinion.

for the magistrate court's conclusion that Doe neglected the child through an inability to provide parental care. Thus, Doe has failed to show the magistrate court erred in reaching this conclusion.

## 2. Neglect by failing to complete case plan

Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b). The magistrate court concluded that Doe had not "substantially complied with the . . . [c]ase [p]lan requirements by the last day of the 15th month that his child had been in the care of the Department." On appeal, Doe presents no argument that the child was not in the Department's care for at least fifteen of the twenty-two months prior to the magistrate court's order or that reunification occurred. Instead, Doe asserts that the magistrate court erred in concluding that Doe failed to comply with his case plan. We limit our analysis accordingly.

Doe claims that the evidence shows he "complied with the case plan," specifically that he: (1) completed "two GAIN assessments followed by treatment"; (2) made "attempts to continue visitation--even if inconsistent"; (3) maintained contact with the Department; (4) "attempted to obtain the ICPC," which we interpret as meaning that Doe attempted to comply with the process under the Interstate Compact on the Placement of Children for moving the child from Idaho to the other state; and (5) "attempted [to] involve family in the process to work toward reunification."[5] Removing the "attempts," which are inherently incomplete actions, Doe's assertions boil down to his completion of two GAIN assessments, treatment, and contact with the Department. As discussed below, evidence in the record contradicts Doe's assertion that he maintained contact with the Department. Nonetheless, even taking Doe's assertions as true, they show that, at most, Doe completed two of the sixteen tasks

---

[5]     We note that, although Doe cites to the record in his statement of the case, there are no citations to the record in the argument section of Doe's brief. Again, this does not comply with I.A.R. 35(a). Citations to the record are not required in the statement of the case, I.A.R. 35(a)(3), but are required in the argument section of the brief, I.A.R. 35(a)(6). Although many of the facts posited in Doe's argument section are similar to facts in Doe's statement of the case, this is not true of all the facts asserted in the argument section. Thus, even if we considered the citations in Doe's statement of the case, some of Doe's factual assertions in his argument section lack supporting citations to the record. This Court will not search the record on appeal for error. *Doe*, 150 Idaho at 113, 244 P.3d at 257.

he was responsible for as part of his case plan.[6] This falls short of compliance with the case plan. *See Idaho Dep't of Health & Welfare v. Doe (2011-03)*, 151 Idaho 498, 502, 260 P.3d 1169, 1173 (2011) (affirming trial court's conclusion that parent neglected children under I.C. § 16-2002(3)(b) despite the parent's "efforts to maintain some contact with his children and despite some progress on [the parent's] case plan"). In addition, the magistrate court noted Doe's completion of two GAIN assessments and that he completed treatment after the second one but, nonetheless, concluded that Doe had not completed his case plan. On appeal, we cannot reweigh the evidence. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007) (declining to reweigh evidence when parent argued that the trial court "failed to take into account that [the parent] had substantially complied with the case plan" because "such assertions simply ask [an appellate court] to disregard the function of the trial court").

Next, Doe argues that, although "not perfect in the execution of the case plan, [he] tried to the best of his capabilities to comply with the order" and "should have had the continued opportunity to reunify with his child." Once again, Doe fails to cite relevant legal authority and, thus, we will not consider this argument. *See Doe (2018-24)*, 164 Idaho at 147, 426 P.3d at 1247.

Finally, we address whether substantial and competent evidence supports the magistrate court's conclusion that Doe failed to complete his case plan. The case plan included tasks requiring Doe to: (1) "maintain a home that is free of alcohol and/or drugs for no less than six months"; (2) "engage in a Department[-]approved, attachment-based parenting class or program"; (3) "be proactive regarding his visitation"; (4) "notify his case[]worker one hour before his visit with [the child] if [Doe] will be late or to cancel his visits"; (5) "complete a comprehensive mental health evaluation"; and (6) "maintain contact with the Department case[]worker at least once monthly to review the case plan, monitor progress, and identify barriers/needs." At the termination hearing, the Department's sole witness testified that: (1) a positive drug test indicated that Doe was not maintaining a drug-free home in the other state; (2) Doe did not provide "confirmation of completion of his case plan tasks, especially along the lines of an attachment-based parenting course"; (3) Doe had "not consistently visited" or "built a relationship with" the child; (4) Doe would "sometimes show up late"

---

[6]     Doe's case plan lists eighteen tasks, but two of the tasks were not Doe's responsibility. For example, one task required the Department to "provide referrals to Department[-]approved attached and trauma-based parenting education resources if [Doe] is unable to find resources."

to visitation and "sometimes would no-show without calling"; (5) Doe did not comply with the Department's request for a mental health evaluation; and (6) Doe "was not communicating well with the Department" at one point and, at another point, the Department was "not able to communicate with" Doe. This testimony provides substantial and competent evidence for the magistrate court's conclusion that Doe failed to comply with the case plan and, consequently, neglected the child under I.C. § 16-2002(3)(b).

## C. Best Interests

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A determination that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

Doe asserts the magistrate court lacked substantial and competent evidence for its conclusion that Doe neglected the child. Specifically, Doe asserts that: (1) he made "significant efforts and progress with his case plan and established a stable and permanent home with his father" in the other state; (2) "there was a lack of evidence to establish [that Doe] suffered from unemployment or lack of financial contribution to the child's care once in protective custody"; (3) "there was a lack of evidence to establish a baseline of the child's development before entry into the foster home"; (4) "it would be in the child's best interests to be able to know where he comes from and who his family is"; and (5) Doe has "grown and learned a lot from his experiences, made changes and expressed his ongoing love and desire to parent his son." As the Department notes, Doe essentially asks us to reweigh the evidence, which we cannot do because our review is

limited to whether substantial and competent evidence supports the magistrate court's conclusion. *See Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65.

The magistrate court found that Doe was arrested for possession of controlled substances while traveling with the child. When Doe was in the other state, the Department received a positive test from Doe, indicating ongoing substance abuse. Doe failed to appear for a parenting evaluation, despite the Department providing vouchers. Doe's visitation with the child was inconsistent, which the magistrate court found was "critical to the child's brain development." The magistrate court further found that the child "had been diagnosed with [post[-]traumatic stress disorder] . . . and has since improved greatly" while in foster care. As discussed above, Doe failed to complete the case plan. In addition, at the termination hearing, the Department's witness testified that the child "appears more secure" while in his foster home and "gravitates to his foster parents and holds onto them." According to the witness, Doe had not "built a relationship with" the child while the child was in the Department's custody and the child "does not have a relationship with" Doe. Finally, the witness also testified that, in her opinion, it would be unsafe to return the child to Doe and that termination of Doe's parental rights is in the best interests of the child. This evidence provides substantial and competent evidence for the magistrate court's conclusion that termination is in the child's best interests.

## IV.

## CONCLUSION

Doe has failed to show the magistrate court erred in concluding that it had jurisdiction over the petition to terminate his parental rights. The magistrate court's conclusions that Doe neglected the child and that termination is in the child's best interests are supported by substantial and competent evidence. Doe has failed to show error in the magistrate court's decision to terminate his parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.