**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 48743**

| | | |
|---|---|---|
| **RIVERTON CITIZENS GROUP, joined individuals, property owners and aggrieved citizens collectively,** | ) ) ) ) | |
| **Petitioner-Appellant,** | ) ) | **Boise, February 2022 Term** |
| **v.** | ) ) | **Opinion Filed: March 28, 2023** |
| **BINGHAM COUNTY COMMISSIONERS, a local governmental agency,** | ) ) ) | **Melanie Gagnepain, Clerk** |
| **Respondent.** | ) ) ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Darren Simpson, District Judge.

The judgment of the district court is <u>vacated</u>, its decision dismissing the petition is <u>reversed</u>, and this case is <u>remanded for further proceedings.</u>

Justin B. Oleson, Blaser Oleson & Lloyd, Chartered, Blackfoot, for appellant. Justin B. Oleson argued.

N. Paul Rogers, Bingham County Prosecuting Attorney, Blackfoot, for respondent. N. Paul Rogers argued.

———————————————

BRODY, Justice.

This appeal provides important clarifications of the procedure governing petitions for judicial review under Idaho Rule of Civil Procedure 84, which is distinct from the procedure governing appeals from magistrate court to district court under Idaho Rule of Civil Procedure 83. In the proceedings below, a group of *pro se* aggrieved property owners dubbed "Riverton Citizens Group," timely filed a petition for judicial review challenging the Bingham County Commissioners' ("the County") decision to grant a zone change request. The caption of the petition named "Riverton Citizens Group" as the *pro se* petitioner, but the body of the petition then named the aggrieved property owners individually as the parties petitioning the County's decision, while also providing that they were proceeding *pro se* under the title of "Riverton Citizens Group." The

petition was not signed by any of the aggrieved property owners. Instead, it was signed by a non-petitioner who purported to be the "agent" for "Riverton Citizens Group." The purported "agent" was not licensed to practice law in Idaho.

After the district court entered a notice of intent to dismiss the petition because Riverton Citizens Group was not represented by counsel, the aggrieved property owners attempted to correct the petition through five subsequent filings, each signed by only one of the aggrieved property owners. The district court subsequently issued a written decision, concluding the petition was "improperly filed" and therefore was not a "petition" that invoked the district court's subject matter jurisdiction under Idaho Rule of Civil Procedure 84(n). Because the time for filing a new "petition" under I.R.C.P. 84(n) had passed, the district court dismissed the case with prejudice—reasoning it no longer had jurisdiction. A licensed attorney did not appear on behalf of the aggrieved property owners until after the district court's decision to dismiss.

For the reasons discussed below, the district court's judgment of dismissal is vacated, its decision striking and dismissing the timely petition is reversed, and this case is remanded with instructions to determine an appropriate sanction for the filing of the petition in violation of the requirements of I.A.R. 11.2(a). While Rule 11.2(a) provides for the imposition of an appropriate sanction, the errors in the caption and the omitted signatures were not fatal or so defective as to render the petition a nullity or "improperly filed" such that the district court had no subject matter jurisdiction. Instead, these errors may be corrected through a filing or amended petition on remand that relates back to the date of the timely petition. *See* I.A.R. 17(m).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 4, 2021, a group of *pro se* aggrieved property owners, who called themselves the "Riverton Citizens Group" in proceedings before the County, collectively filed a petition for judicial review in district court challenging the December 7, 2020, final order of the County that granted a zone change to land adjacent to their land. The petition's caption listed "Riverton Citizens Group, joined individuals, property owners and aggrieved citizens collectively" as the "*pro se* [p]etitioner" and the County as the respondent. The body of the petition named the following aggrieved property owners, individually (i.e., collectively the "Riverton Citizens Group"), as the parties petitioning for judicial review: "Brett McDaniel, Debra Steele, Tricia Gay, Paul Phelps, Walter & Irma Gay, Paul and Linda McDaniel, [the] Desta M. Johnson Trust, Joyce Novasad, Lorenzo Rodriguez, Blain & Annette Cathey, and Stecklein Land LLC." Notably,

2

"Riverton Citizens Group" is not a recognized business entity or unincorporated non-profit association.

The aggrieved property owners did not sign the petition individually or through a licensed attorney. Instead, it was signed only by a non-attorney named Joel Weaver, who designated himself as "Agent for Petitioner Riverton Citizens Group." Later, the aggrieved property owners would explain, through a filing signed by one aggrieved property owner, Debra Steele, that Weaver signed the petition not in a representative capacity, but merely to continue a "practice" established before the County in which Weaver "had been designated as the mutually recognized point of contact for the Riverton Citizens Group[,]" i.e., the aggrieved property owners.

Roughly one week after the petition was filed, the district court issued a "Notice of Intent to Dismiss Petition for Judicial Review," explaining that Weaver was neither a member of Riverton Citizens Group, nor a licensed attorney, and could not represent the aggrieved property owners, collectively known as the "Riverton Citizens Group." In addition, the district court's notice explained that the individual aggrieved property owners were not named as parties in the caption, and that although they appeared to be individually proceeding *pro se*, none of the property owners had signed and authorized the petition.

From this, the district court pointed to signature requirements in both Idaho Rule of Civil Procedure 11(a) and Idaho Appellate Rule 11.2(a) and ordered that the petition would be dismissed in twenty-one days unless the aggrieved property owners could show why, through briefing, their petition for judicial review could proceed. Two days later, the County filed a motion to dismiss the petition, arguing the petition should be dismissed because, among other things, it did not identify the individual aggrieved property owners as petitioning "parties," it was not individually signed by those property owners, and that it was not signed by a licensed attorney who could represent the non-existent entity, i.e., the Riverton Citizens Group.

During the twenty-one day period, the aggrieved property owners made five filings—all signed by one aggrieved property owner—Debra Steele. In each of these filings, above the caption, Weaver's contact information remained listed, and added Steele's,  and identified both as individuals "For Pro Se Plaintiffs." The first filing provided a supplemental statement of issues for judicial review pursuant to Idaho Rule of Civil Procedure 84(c)(5) which allows a statement of issues to be filed separately from the petition after it is filed. The second filing advised the district court that "Riverton Citizens Group" intended to formally respond to the district court's notice of

3

intent to dismiss, clarified that Weaver was the "Designated Agent" only for purposes of transmitting communications—not in a representative capacity, and that another filing would be made that included the signatures "omitted" from the timely petition.

The third filing provided the signature corrections discussed in the second filing, and included a signature page as an attachment ("Exhibit A") with the following signatures purporting to authorize the original petition: Debra Steele, Blain J. & Annette Cathey, Tricia Gay, Walter A & Irma Gay, Erik & Shellie Hall, "Shelly Lewis" signing for the Desta M. Johnson Trust, Brett Ray McDaniel, Joyce C. Novasad, Paul Phelps, Lorenzo Rodriguez, and two individuals with illegible signatures signing for Stecklein Land LLC. Notably, two of the persons who provided signatures on Exhibit A—Erik & Shellie Hall—were not named as aggrieved parties in the original petition; the signature by "Shelly Lewis" did not indicate what relation or authority she has, if any, to sign on behalf of the Desta M. Johnson Trust (e.g., beneficiary, trustee, or none); and the two persons who provided illegible signatures also did not indicate what relation or authority they have, if any, to sign on behalf of Stecklein Land LLC (e.g., members, managers, none). The third filing, paired with Exhibit A, requested that the district court "incorporat[e]" these signatures into the original petition.

The fourth filing provided affidavits that the County, and interested parties Donald & Loretta Anderson, were served with the original petition. Finally, the fifth filing provided the *pro se* aggrieved property owners' final response to the district court's notice of intent to dismiss the petition. That filing, among other things, (1) pointed to the "strike" language in Idaho Rule of Civil Procedure 11(a) to explain why the petition should not be stricken as an "unsigned paper" when their third filing and Exhibit A "cured the omitted signatures problem"; (2) clarified that the "Group was proceeding Pro Se"; (3) indicated that "with leave of the Court," the "Group" would "submit a corrected caption identifying the aggrieved members of the group individually"; and (4) noticed that the "Group" was still attempting to retain counsel to appear on its behalf.

The next day, the County filed a memorandum in support of its motion to dismiss. The County argued, among other things, that neither Weaver nor Steele—the only two individuals who had signed the petition and subsequent five filings—could represent the "Riverton Citizens Group" because neither was a licensed attorney; that the caption and signatures of individual aggrieved property owners in Exhibit A did not comply with the requirements for properly identifying the "parties to an action" under Idaho Rule of Civil Procedure 2; and that based on these defects, it is

4

entirely "unclear who are the Petitioners in this matter[.]" The County also argued that the aggrieved property owners have had "adequate time to properly represent the Group" and correct their filings—but have chosen not to hire an attorney.

Three weeks later—based on Idaho Rules of Civil Procedure 2 and 11—the district court entered an order dismissing (and effectively striking) the aggrieved property owners' petition with prejudice after reasoning that it was "improperly filed[,]" and because the jurisdictional time-limit to file a new petition had passed, subject-matter jurisdiction did not exist to entertain a new petition for judicial review from the aggrieved property owners. Roughly one month later, licensed counsel entered a notice of appearance on behalf of "Riverton Citizens Group, joined individuals, property owners and aggrieved citizens collectively," and timely filed a notice of appeal challenging the dismissal of the original petition.

## II.     STANDARD OF REVIEW

"This Court exercises free review over jurisdictional issues[.]" *Nemeth v. Shoshone Cnty.*, 165 Idaho 851, 854, 453 P.3d 844, 847 (2019). The interpretation of the Idaho Appellate Rules, like the Idaho Rules of Civil Procedure, is a matter of law. *See Medrain v. Lee*, 166 Idaho 604, 607, 462 P.3d 132, 135 (2020). "This Court exercises free review of matters of law." *Id.*

## III.     ANALYSIS

### A. This appeal presents an exceptional circumstance where we must correct a misunderstanding of the procedural rules governing petitions for judicial review.

From the start of this case, every party—including the district court—has understandably, but mistakenly, treated Idaho Rules of Civil Procedure 2 and 11 as controlling the contents of a petition for judicial review under Idaho Rule of Civil Procedure 84. However, as explained below, Idaho Rules of Civil Procedure 2 and 11 do not apply to petitions for judicial review. Thus, to clarify this misunderstanding, deciding this case—while applying the proper procedural rules—requires us to take the exceptional step of setting aside our preservation doctrine in favor of resolving this case using legal principles that are beyond any doubt.

Typically, issues must be raised before the trial court to be heard on appeal. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017) ("We have long held that '[a]ppellate court review is limited to the evidence, theories and arguments that were presented below.' " (quoting *Nelson v. Nelson*, 144 Idaho 710, 714 170 P.3d 375, 379 (2007))). This is our self-imposed preservation doctrine, and our adherence to it serves many important purposes: "The rule fosters

5

the full testing of issues by the adversarial process, ensures that factual records are fully developed, aids the Court in the correct resolution of cases through 'the refinement of . . . arguments on appeal and the wisdom of the trial court in deciding the matter in the first instance,' and serves interests of efficiency and finality." *Carver v. Hornish*, 171 Idaho 118, __, 518 P.3d 1175, 1181 (2022) (quoting *State v. Howard*, 169 Idaho 379, 385, 496 P.3d 865, 871 (2021)).

However, our preservation doctrine is not absolute or "inflexible" in civil cases. *Carver*, 171 Idaho at __, 518 P.3d at 1181 (quoting *Youakim v. Miller*, 425 U.S. 231, 234 (1976)). "There may always be exceptional cases or particular circumstances which will prompt a reviewing or appellate court, where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon" by the court below. *Carver*, 171 Idaho at __, 518 P.3d at 1181 (quoting *Hormel v. Helvering*, 312 U.S. 552, 557 (1941)). Like the United States Supreme Court, we have never announced a general rule with fixed criteria on what constitutes "exceptional" circumstances" sufficient to set aside our preservation doctrine. *See Singleton v. Wulff*, 428 U.S. 106, 121 (1976). But what we have announced, and made clear, is that an exception to the doctrine exists when "the proper resolution" of an appeal is "beyond any doubt." *Carver*, 171 Idaho at __, 518 P.3d at 1181 (quoting *Singleton*, 428 U.S. at 121). This appeal is such a case.

On appeal, Riverton Citizens Group, i.e., the aggrieved property owners, argues that the dismissal of its petition was in error because the district court misapplied the signature requirement for pleadings in I.R.C.P. 11(a). In response, the County maintains that the district court correctly struck the petition for judicial review as an unsigned paper under I.R.C.P. 11(a); that the omitted signatures filing (Exhibit A to the third filing) does not relate back to cure the defective petition based on our decision in *Medrain v. Lee*, 166 Idaho 604, 462 P.3d 132 (2020); and that the petition, along with the five subsequent filings, all fail to identify the "parties" in the caption, or otherwise, as required by I.R.C.P. 2(a)(2). The County's response essentially tracks the reasoning of the district court in its decision to dismiss the petition below based on I.R.C.P. 11 and 2: The jurisdictional time-limit to file a petition had expired, and the petition that *was* timely filed cannot provide jurisdiction because it did not contain signatures from each *pro se* aggrieved property owner, and it did not properly identify which *pro se* aggrieved property owners were "parties" through the caption, or otherwise. Thus, according to the district court, the petition was fatally flawed, and could not serve as a "petition" that triggered the district court's subject-matter jurisdiction for judicial review under Idaho Rule of Civil Procedure 84. Furthermore, because the

6

time for filing a new petition had passed, the district court concluded that a new and corrected petition to review the County's action would not invoke its jurisdiction under Rule 84(n) of the Idaho Rules of Civil Procedure.

However, as noted above, I.R.C.P. 2 and 11 do not apply to petitions for judicial review under I.R.C.P. 84. Thus, every party, as well as the district court, has started their procedural analysis of what a petition for judicial review must contain—and when corrections to the petition relate back to the original filing date—was based on the wrong procedural rules. The correct starting point for procedural requirements of petitions for judicial review, unless otherwise provided for by statute, is Idaho Rule of Civil Procedure 84. *See* I.R.C.P. 84(a)(2). And "[a]ny procedure for judicial review not specified or covered by" Rule 84 must be in accordance with "*the appropriate rule of the Idaho Appellate Rules*" to the extent not contrary to Rule 84. I.R.C.P. 84(r). Because of this, the procedural analysis underpinning this case from below through to appeal requires our correction and clarification.

After oral argument we ordered the parties to submit additional briefing on the applicability of the Idaho Appellate Rules to the district court's decision to, among other reasons, ensure the "full testing of issues by the adversarial process[,]" *Carver*, 171 Idaho at __, 518 P.3d at 1181. In the briefing that was submitted, neither side appeared to recognize the proper reframing of the procedural analysis under only I.R.C.P. 84, as supplemented by the Idaho Appellate Rules. The County continued to argue that the district court's analysis of the signature requirement under I.R.C.P. 11(a) was correct. In addition, the aggrieved property owners—apart from also focusing on I.R.C.P. 11(a)—argued that this Court "does not need to base its disposition of this matter" on the Idaho Appellate Rules because the district was "obliged and mandated" to act in accordance with Idaho Rules of Civil Procedure 15(a), and 17(a), i.e., other procedural rules that also do not apply to petitions for judicial review. *See* I.R.C.P. 84(a)(2), (r). However, as explained below, when the proper rules are applied, the resolution of this appeal is beyond any doubt. Thus, the exceptional circumstances here require us to set-aside our preservation doctrine to both correct the interpretation of our rules, and to ensure the proper application of our rules and case law moving forward.

**B. The errors in the aggrieved property owners' timely petition for judicial review of the County's action may be corrected through amendment and relation back.**

As explained below, the petition's errors relating to the caption, naming of parties, and signatures are not fatal defects that render the petition a nullity which cannot be amended. *See*

*Luck v. Rohel*, 171 Idaho 51, __, 518 P.3d 350, 356 (2022) (reiterating that this Court has expressly rejected the common law rule of nullity). Instead, the errors in the petition can be cured through a subsequent filing (on remand) that amends the petition, and relates back to its original filing date, sufficient to reserve subject matter jurisdiction in the district court. To begin, we start from the statutory basis for the petition for judicial review in this case, and then move to our procedural rules governing a petition for the same: I.R.C.P. 84 and the Idaho Appellate Rules.

Person(s) aggrieved by a final agency decision approving a zone change, I.C. § 67-6521(1)(a), may, within twenty-eight days, file a petition for judicial review in district court pursuant to the provisions of the Idaho Administrative Procedure Act ("APA"), I.C. §§ 67-5201 to -5292. *See* I.C. §§ 67-5270 (right of review), 67-5273 (time for filing). Next, except where the APA (or another applicable statute) provides for it, Rule 84 of the Idaho Rules of Civil Procedure sets forth the procedures governing a petition for judicial review in district court. I.R.C.P. 84(a)(2). Rule 84 is, in effect, its own "mini" set of procedures. Rule 84 makes it clear that the failure to "physically file" a timely "petition for judicial review" in the district court "is jurisdictional and will cause automatic dismissal of the petition for judicial review on motion of any party, or on initiative of the district court." I.R.C.P. 84(n). However, so long as the petition is "physically file[d]," the failure of a party to timely take "any other step" in the process for judicial review "will not be deemed jurisdictional." *Id*. Instead, the failure to timely take any other step "may be grounds only for such other action or sanction as the district court deems appropriate, which may include dismissal of the petition for review." *Id*.

In other words, to invoke a district court's subject matter jurisdiction, all that is required is that a "petition for judicial review" be "physically file[d]" within the twenty-eight day window. *See* I.R.C.P. 84(n). From this, two interrelated questions arise. First, what information must be *in* the filed document for it to constitute a "petition for judicial review" sufficient to satisfy I.R.C.P. 84(n) and invoke a district court's subject-matter jurisdiction? Second, can information that is erroneously stated in, or omitted from, the timely filed petition be corrected through subsequent filings that then relate back to the date of the timely petition. We answer each question in turn as it relates to the issues present in this appeal, i.e., the requirements for the caption, naming of parties, and signature(s) in the petition for judicial review.

8

1. The caption, signatures, and naming of parties in a petition for judicial review

Unless a different procedure is provided by statute, the "contents" of a "petition for judicial review" are first governed by Rule 84(c) ("Petition for Judicial Review—Contents"). Neither the relevant provisions of the APA, I.C. §§ 67-5270 to -5279, nor the statute authorizing judicial review of final agency decision approving a zone change, I.C. § 67-6521(1)(a), provide requirements for what "content" must be in the document serving as a "petition for judicial review." Because of this, Rule 84(c) initially controls the "content" question here, and the Idaho Appellate Rules serve to provide any further procedure or content requirements otherwise not specified in, or covered by, I.R.C.P. 84(c). *See* I.R.C.P. 84(r) ("Any procedure for judicial review not specified or covered by these rules must be in accordance with the appropriate rule of the Idaho Appellate Rules to the extent not contrary to this Rule.").

a. *The proper caption of a petition for judicial review*

As it relates to the caption, naming of parties, and signature issues in this appeal, Rule 84(c) only addresses the requirements for a caption. Subsection (3) of Rule 84(c) states that the petition must include "the date and the heading, case caption or other designation of *the agency and the action* for which judicial review is sought[.]" I.R.C.P. 84(c)(3) (emphasis added). This requirement brings us to the first point of clarification in this appeal: The district court—relying on I.R.C.P. 2(a)(2) instead of I.R.C.P. 84(c)(3)—reasoned that the aggrieved property owners were required to individually name themselves as parties in the caption on the petition, and that "Riverton Citizens Group" (which was named in the caption) was not a "party" that could proceed on their behalf *pro se* without counsel. *See Indian Springs LLC v. Indian Springs Land Inv., LLC*, 147 Idaho 737, 744–45, 215 P.3d 457, 464–65 (2009) ("[T]he law in Idaho is that a business entity, such as a corporation, limited liability company, or partnership, must be represented by a licensed attorney before an administrative body or a judicial body.").

From this, the district court concluded that the following caption, used in the original petition, was required to properly identify the petitioning parties, and failed to do so:

| Riverton Citizens Group, joined individuals, property owners and aggrieved citizens collectively, | ) ) ) | Case No. CV06-21-0006 |
| *pro se* Petitioner, | ) ) | |
| vs | ) | PETITION FOR JUDICIAL REVIEW |
| | ) ) | |

9

| | |
|---|---|
| BINGHAM COUNTY COMMISSIONERS, a local governmental agency, | ) ) ) |
| Respondent. | ) ) ) |

However, unlike I.R.C.P. 2(a)(2), which requires that the *party* filing the lawsuit be named in the caption (e.g., the plaintiff), I.R.C.P. 84(c)(3) requires a case caption that merely designates "the agency and the action" from which judicial review is sought. In other words, I.R.C.P. 84(c)(3) *does not* require the person(s) filing the petition to be named as parties *in* the caption. Thus, the fact that the petition's caption here states "Riverton Citizens Group, joined individuals, property owners and aggrieved citizens collectively" instead of individually listing the aggrieved property owners (as is done in the body of the petition), does not mean the petition was "improperly filed" without naming or identifying *any* petitioning parties.

Instead, the "the agency and the action" from which judicial review was sought by the aggrieved property owners was already included in the body of the original petition as follows:

**I.R.C.P. 84(c)(1): Name of Agency for which judicial review is sought**

Board of County Commissioners of Bingham County, Idaho

    [. . . .]

**I.R.C.P. 84(c)(3): Designation of agency action for which judicial review is sought**

In the Matter of: Donald & Loretta Anderson Zone Change from "A" to "R/A" Reconsidered Reasonings and Final Decision Dated December 7, 2020

The above referenced action on December 7 was a ruling on reconsideration of a decision issued October 7, 2020 and the culmination of hearings that proceeded on August 12, 2020, September 28, 2020, and October 22, 2020.

(Bold and underline in original.)

This information—as provided in the original petition (albeit in the wrong place)—is what I.R.C.P. 84(c)(3) requires to be in the caption on a petition for judicial review of a final agency action. Accordingly, on remand, the district court should direct the parties to amend the caption in this matter to be restyled, at a minimum, to include following title:

In Re: Donald & Loretta Anderson Zone Change from "A" to "R/A" before the Board of County Commissioners of Bingham County, Idaho

Although it may be permissible or customary to name the petitioning parties and the respondents in a separate portion of the caption below "the agency and action" title required by I.R.C.P. 84(c)(3), i.e., the restyling above, a petition that does not name all parties in the caption is not fatally defective. Again, what I.R.C.P. 84(c)(3) requires in the caption, and all that it requires, is "the agency and the action" for which judicial review is sought. *See also* I.A.R. 17(a) ("Title"). Thus, to the extent the original petition was dismissed as fatally defective for the caption's failure to identify which aggrieved property owners were petitioning parties, this was legal error.

### b. *The petitioning parties and the signature requirements in a petition*

From this, we turn to the procedure governing how a petition for judicial review names and identifies the petitioning parties, and what signatures are required. As noted above, I.R.C.P. 84(c) does not have provisions addressing these requirements. In this circumstance, I.R.C.P. 84(r) instructs us to look to the "appropriate rule" of the Idaho Appellate Rules. Turning to those rules, it is plain that Idaho Appellate Rule 17 controls.

When it comes to naming the "parties" in a petition for judicial review, the petition must include the name of the petitioner, the petitioner's attorney (if any), the name of the adverse party (i.e., the respondent), and the adverse party's attorney (if any). *See* I.A.R. 17(d). In addition, "[a]n address, phone number and email address must also be given, except no email address is required for persons appearing pro se." *Id*. Here, although the non-existent entity "Riverton Citizens Group" was improperly employed as a short-hand reference for the individual petitioners in the caption, the body of the petition clearly identified and named the petitioners as follows: "Brett McDaniel, Debra Steele, Tricia Gay, Paul Phelps, Walter & Irma Gay, Paul and Linda McDaniel, [the] Desta M. Johnson Trust, Joyce Novasad, Lorenzo Rodriguez, Blain & Annette Cathey, and Stecklein Land LLC." (Alteration added.) In addition, the petition properly identified the adverse party, i.e., the respondent, as the "Board of County Commissioners of Bingham County, Idaho[.]"

Although the addresses (but not the phone numbers) and the signatures of most (but not all) aggrieved property owners petitioning for review of the County's decision were provided in a later filing (an issue addressed below), the "content" requirements here must, like all portions of I.R.C.P. 84, be "construed to provide a just, speedy and inexpensive determination of all petitions for review." I.R.C.P. 84(r). In light of this, the naming of individually aggrieved property owners in the body of the petition was enough to meet the "parties" requirement under I.A.R. 17(d) to thereby satisfy the jurisdictional prerequisite of physically filing a timely "petition" for judicial

11

review, I.R.C.P. 84(n). As these aggrieved property owners attempted to clarify in their fifth filing after filing the petition, the "[g]roup" here was proceeding *pro se*, "which was consistently indicated" on the petition and each filing, and "which the group underst[ood] to mean it was proceeding without legal counsel." Thus, the petition properly identified and named the petitioning parties for purpose of I.A.R. 17(d).

When it comes to the "signature" requirement for a petition for judicial review, there are two layers of analysis. The first layer simply requires the petition to include "[t]he name and signature of the attorney" for the petitioner(s), or the signed "name[(s)]" of the petitioner(s), if the petitioner(s) do not have an attorney." I.A.R. 17(n). Here, there is no dispute that the petition included neither the signature of an attorney for the aggrieved property owners, nor the signed names of the aggrieved property owners. That brings us to the second layer. As noted above, I.R.C.P. 84(c) does not provide the procedure for signatures, or the procedure for filings that erroneously omit or include an improper signature. Accordingly, to answer this question, I.R.C.P. 84(r) again directs us to the "appropriate rule" in the Idaho Appellate Rules governing the signing of petitions, motions, briefs, and other papers: Idaho Appellate Rule 11.2(a).

Critically, contrary to the approach taken below and on appeal, I.R.C.P. 84(r) does *not* direct us to the "appropriate rule" in the Idaho Rules of Civil Procedure governing the signing of pleadings, motions, and other papers, i.e., I.R.C.P. 11. The importance of this point is demonstrated by one major difference between the two rules: Under I.R.C.P. 11(a), a "court must strike an *unsigned paper* unless the omission is promptly corrected after being called to the attorney's or party's attention[,]" while under I.A.R. 11.2(a), there is *no* authority to "strike" an unsigned paper. *See also Luck*, 171 Idaho at __, 518 P.3d at 356 (clarifying the proper procedure under I.R.C.P. 11(a) and (b) in light of the 2016 amendments to I.R.C.P. 11). Thus, the district court legally erred when it effectively decided to "strike" the original petition as unsigned, and "improperly filed," based on the errors discussed above, and thereby deprive *itself* of subject matter jurisdiction for judicial review of the County's action.

Instead, under I.A.R. 11.2(a), the district court is authorized to *sanction* a person, party, or attorney who *signs* a petition for judicial review, or other document, if the signing is done "in violation of" I.A.R. 11.2(a). As the pertinent part of its text explains, I.A.R. 11.2(a) is typically violated based on either "(a) the frivolous filings clause or (b) the improper purpose clause[,]"

12

*Andrews v. State Indus. Special Indem. Fund*, 162 Idaho 156, 160, 395 P.3d 375, 379 (2017) (alteration added):

> The signature of an attorney or party constitutes a certificate that the attorney or party has read the notice of appeal, petition, motion, brief or other document; that to the best of the signer's knowledge, information, and belief after reasonable inquiry [(a)] it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and [(b)] that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If the notice of appeal, petition, motion, brief, or other document *is signed in violation of this rule*, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the notice of appeal, petition, motion, brief or other document including a reasonable attorney's fee.

I.A.R. 11.2(a) (alterations added).

Notably, immediately above these two clauses, I.A.R. 11.2(a) also provides, consistent with I.A.R. 17(n), that any "party who is not represented by an attorney *shall* sign the . . . petition, motion, brief or other document and state the party's address." I.A.R. 11.2(a) (emphasis added). However, if petitioners (who are not represented by an attorney) submit an *unsigned* filing, like in this case, then there is no "violation of" I.A.R. 11.2(a) by *those* petitioners because for there to be a violation of I.A.R. 11.2(a), there first must be a "signature" that is in "violation of" I.A.R. 11.2(a). *See also* Section III.B.2., *infra* (explaining that a signature is made in "violation of" I.A.R. 11.2(a) when a non-attorney *signs* a filing purporting to represent another person or entity in court).

This does not mean petitioners unrepresented by counsel are free to file unsigned documents without consequence. *See* I.R.C.P. 84(n) ("Failure of a party to timely take any other step in the process for judicial review [(e.g., provide an omitted signature)] will not be deemed jurisdictional, but may be grounds only for such other action or sanction as the district court deems appropriate, which may include dismissal of the petition for review." (alteration added)). Instead, it simply means that such an error is not a jurisdictional defect, and the district court does not have authority to "strike" a timely petition for judicial review that simply omits the proper signatures of the petitioning parties.

In sum, the timely petition for judicial review in this case properly identified and named the petitioning parties as required by I.A.R. 17(d). However, the petition still contained an incorrect caption, erroneously omitted the petitioners' addresses and phone numbers, and erroneously

13

omitted the petitioners' individual signatures. This brings us to our next discussion: Errors and omissions regarding the caption, the naming and identification of the petitioning parties, and signatures *can* be corrected through an amended filing that relates back to the date of the petition.

      2.   <u>Correcting errors and omissions in the caption, the naming and identification of petitioning parties, and signatures through amendment and relation back</u>

Returning to I.R.C.P. 84(c), the rule does not provide a procedure to correct errors and omissions in the "content" of a petition for judicial review. Thus, like before, we turn to Idaho Appellate Rule 17. Subsection (m) of I.A.R. 17 provides, in pertinent part, that amendment and relation back is permitted when a petition for judicial review (1) "erroneously states *any of the information and requirements of this rule [(i.e., I.A.R. 17)]*" or (2) "additional facts arise after the filing" of the petition:

> **(m) Amended Notice of Appeal.** In the event the original notice of appeal [(or petition for judicial review, I.R.C.P. 84(r))] *erroneously states any of the information and requirements of this rule [(i.e., I.A.R. 17)]* or additional facts arise after the filing of the initial notice of appeal, the appellant may thereafter file an amended notice of appeal correctly setting forth the facts and information. An amended notice of appeal shall be filed with the clerk of the district court in the same manner as the original notice of appeal but no filing fee shall be required. *If the original notice of appeal [(or petition for judicial review, I.R.C.P. 84(r))] was timely filed from an appealable judgment, order or decree, the amended notice of appeal [(or petition for judicial review, I.R.C.P. 84(r))] will relate back to the date of filing of the original notice of appeal [(or petition for judicial review, I.R.C.P. 84(r))]* . . . .

I.A.R. 17(m) (bold in original) (alterations and emphasis added).

Here, as explained above, the petition did not comply with the caption requirements set forth in I.R.C.P. 84(c)(3) and as supplemented by I.A.R. 17(a). However, the petition was timely filed. Thus, with this clarification announced today, the aggrieved property owners are permitted to file an amended petition with a corrected caption, and that amended petition will relate back to the timely filed petition so that the district court has subject matter jurisdiction to proceed in this matter. *See* I.R.C.P. 84(n); *cf. Trimble v. Engelking*, 130 Idaho 300, 302–03, 939 P.2d 1379, 1381–82 (1997) ("We thus decline to adopt the nullity rule in Idaho and hold that, where a party has been named improperly, amendment and relation back should be allowed where the requirements of I.R.C.P. 15(c) are met."). As we have said before, our modern procedural rules seek to promote the resolution of disputes on their merits, *see* I.R.C.P. 1(b), 84(r)—not bar suits by reviving

14

"antiquated pleading requirements" that exalted form over substance. *See Trimble*, 130 Idaho at 302, 939 P.2d at 1381.

However, there is an important exception. Amendment and relation back here only allow for the *correction* of "erroneous information" as it relates to the naming or identifying of the original petitioners, e.g., the petition mistakenly names a deceased petitioner instead of the petitioner's estate, *see id*. at 301, 939 P.2d at 1380, or must correct for the true party in interest, *Luck*, 171 Idaho at __, 518 P.3d at 354. *See also* I.A.R. 7 (substitution of a party). It does not allow for new—and wholly unrelated—petitioners to be *added* to a petition through amendment and relation back. For if it did, an unforeseeable number of petitioners could thereby pile-on to the original and timely petition—or a petition could be filed that included *no* petitioners at all (only to add them at some later time). That would not only end the "just, speedy and inexpensive determination of all petitions for judicial review[,]" I.R.C.P. 84(r), but would also eviscerate the jurisdictional time limit for filing a petition under I.R.C.P. 84(n).

Notably, we made the same point in *Medrain v. Lee*, 166 Idaho 604, 462 P.3d 132 (2020), a case that dealt with the procedure for notices of appeal from the magistrate court to the district court under I.R.C.P. 83. However, for the reasons discussed below, we overrule our application of I.R.C.P. 83 in *Medrain* to vindicate—what has been made "plain" and "obvious" through deciding this case—principles of law regarding amendment and relation back under I.A.R. 17(m). *See Grease Spot, Inc. v. Harnes*, 148 Idaho 582, 585, 226 P.3d 524, 527 (2010) ("[T]he rule of stare decisis dictates that we follow [controlling precedent], unless it is manifestly wrong, unless it has proven over time to be unjust or unwise, or unless overruling it is necessary to vindicate plain, obvious principles of law and remedy continued injustice." (alteration original) (quoting *Reyes v. Kit Mfg. Co.*, 131 Idaho 239, 240, 953 P.2d 989, 990 (1998))).

Before discussing *Medrain*, we pause to emphasize that the procedure for an appeal under I.R.C.P. 83, versus the procedure for judicial review under I.R.C.P. 84, should each be treated as an independent set of rules. To adhere to the proper procedural analysis, persons appealing from *magistrate court to district court* must look to I.R.C.P. 83 (and its case law), while persons petitioning for *judicial review of a final agency action to district court* must look to I.R.C.P. 84 (and its case law). Unless another statute or rule controls, I.R.C.P. 83 and 84 provide the required— but differing—starting points for two separate roles of the district court.

15

Returning to *Medrain*, in that case we dealt with an omitted signature and erroneous caption problem in a notice of appeal under I.R.C.P. 83. The body of the notice of appeal named three parties as appealing but the caption listed only one party (*pro se*) and was signed only by the party listed in the caption (*pro se*). *Medrain*, 166 Idaho at 606, 462 P.3d at 134 ("Bing filed a notice of appeal naming Bing, Jade, and Golden China LLC as parties. However, it listed Bing Lee as pro se in the caption and the notice was only signed by Bing Lee as appellant."). Rule 83(d) provides the basic contents for a notice of appeal but does not provide for caption or signature procedures. Thus, the appropriate procedural gap-fillers—under the Idaho Appellate Rules—will apply just as they do for petitions for judicial review under I.R.C.P. 84.

Critically, in appeals from magistrate court to district court, any procedure not provided for by I.R.C.P. 83 "must be in accordance with the Idaho Rules of Civil Procedure *or* the Idaho Appellate Rules." I.R.C.P. 83(q) (emphasis added). However, this rule does not mean a district court can freely pick between applying the Idaho Rules of Civil Procedure or the Idaho Appellate Rules in every circumstance. When a notice of appeal under I.R.C.P. 83 is filed, the default "manner" of review requires the district court act as an appellate court, treat the appeal as an "appellate proceeding[,]" and apply only I.R.C.P. 83 and the Idaho Appellate Rules:

> Unless otherwise ordered by the district court, the *district court must hear appeals from the magistrate court as an appellate proceeding* and a transcript must be prepared as provided in Rule 83(g),. [sic] The district court must review the case on the record and *determine the appeal* in the same manner and on the same standards of review as an appeal from the district court to the Supreme Court under the statutes and law of this state, *and the Idaho Appellate Rules*.

I.R.C.P. 83(f)(1) (emphasis added).

Of course, if the district court acting in its appellate capacity cannot locate an applicable procedure in I.R.C.P. 83 or the Idaho Appellate Rules, then the district court may *then* turn to the Idaho Rules of Civil Procedure for the "practice usually followed in such or similar cases[.]" *See* I.A.R. 48 (explaining what procedure to apply when not covered by statute or the I.A.R.).

However, a proceeding after a notice of appeal is filed can *change* into a trial proceeding, where the Idaho Rules of Civil Procedure apply instead of the Idaho Appellate Rules. If the district court determines there is an inadequate record for it to proceed in an appellate capacity—and it decides to not remand—then the district court "must" order the appeal to proceed as a "trial de novo" and "render a decision in the action *as a trial court* as though the matter were initially brought in the district court." I.R.C.P. 83(f)(3) (emphasis added). Thus, only after an appeal is

16

ordered to be conducted as a trial de novo, will the district court turn to the Idaho Rules of Civil Procedure Rule for any procedure "not specified" in I.R.C.P. 83 instead of the Idaho Appellate Rules. *See* I.R.C.P. 83(f)(1), (q). Indeed, this is similar to petitions for judicial review under I.R.C.P. 84, which *first* apply the Idaho Appellate Rules as a procedural gap-filler, unless a de novo evidentiary hearing is ordered, in which case the Idaho Rules of Civil Procedure will apply to that hearing. *See* I.R.C.P. 84(r).

From this, it is clear that our decision in *Medrain*, which deals with a district court acting in its appellate capacity (not as a trial court), incorrectly applied the "signature" requirements in I.R.C.P. 11(a) to effectively "strike" the two parties from the notice of appeal who did not sign it when only the Idaho Appellate Rules applied (which do not contain a similar "strike" procedure for unsigned filings). *See Medrain*, 166 Idaho at 607–08, 462 P.3d at 135–36. As explained above, the Idaho Appellate Rules already contain procedures for signatures (I.A.R. 11.2 and 17(n)). Thus, the district court in *Medrain* had no discretion to apply the signature requirements in I.R.C.P. 11(a).

Connected to this analysis, and relevant to deciding this case, *Medrain* also dealt with amendment and relation back under I.A.R. 17(m). *See Medrain*, 166 Idaho at 608, 462 P.3d at 136. We reasoned that the amended notice of appeal did *not* relate back to "Bing's notice of appeal" because the "amended notice of appeal did not seek to add *information or facts* to Bing's notice of appeal, instead it sought to add Jade and Golden China LLC as *parties*." *Id*. (emphasis original). Thus, because only "Bing's notice of appeal" was timely, and amendment and relation back were not permitted under I.A.R. 17(m), we affirmed the district court's order that Jade and Golden China LLC (who had omitted signatures and were omitted from the caption) did not timely appeal the magistrate court's judgment; thus, could not proceed forward as parties alongside Bing. *Id*.

To be clear, we stand by our point in *Medrain* that I.A.R. 17(m) does not allow for amendment and relation back to "add" new parties as discussed above. *See Medrain*, 166 Idaho at 608, 462 P.3d at 136. Idaho Rules of Civil Procedure 83 and 84 may provide different starting points for the procedural analysis between notices of appeal in *Medrain* and petitions for judicial review as in this case, but both I.R.C.P. 83 and 84 point to amendment and relation back in I.A.R. 17(m) as a shared procedural gap-filler—and we decline to read I.A.R. 17(m) as meaning one thing under I.R.C.P. 83, but something different under I.R.C.P. 84. *See State v. Montgomery*, 163 Idaho 40, 44, 408 P.3d 38, 42 (2017) ("We will not interpret a rule in a way that would produce an absurd result."). Thus, when it comes to amendment and relation back under I.A.R. 17(m) to cure defects

17

in a filing, this decision controls for both amended notices of appeal under I.R.C.P. 83 and amended petitions for judicial review under I.R.C.P. 84.

Applying this clarification to the facts of *Medrain*, the amended notice of appeal in *Medrain* simply attempted to *correct* erroneous information contained in the timely notice of appeal, i.e., the caption and signature problems. *See Medrain*, 166 Idaho at 608, 462 P.3d at 136. The amended notice of appeal did not attempt to "add" Jade and Golden China LLC as entirely new "parties" to the original notice. Indeed, the body of the original notice already identified and named Jade and Golden China LLC as appealing parties, along with Bing, where it stated: "Jade Lee, an individual, Bing Lee, an individual, and Golden China Limited Liability Company, an Idaho limited liability company, *appeals* [sic] . . . ." *Medrain*, 166 Idaho at 608, 462 P.3d at 136 (emphasis added) (alteration original). Notably, whether the amended notice was "timely" enough to cure the original notice, in the district court's discretion, is a separate matter not answered by *Medrain*. *See* I.R.C.P. 83(m) (explaining the failure to take a timely step in the appellate process may be grounds for sanctions, including dismissal, depending on the circumstances).

For these reasons, we now overrule *Medrain*—to the extent it incorrectly applied I.R.C.P. 11(a) to effectively "strike" the parties who did not sign the notice of appeal, and incorrectly applied amendment and relation back under I.A.R. 17(m)—so that we may vindicate what has now been made "plain" and "obvious" only through deciding this case.

In this case, the body of the timely petition identified the following "parties" as petitioning for judicial review (albeit, through the label of a non-existent entity, "Riverton Citizens Group"): "Brett McDaniel, Debra Steele, Tricia Gay, Paul Phelps, Walter & Irma Gay, Paul and Linda McDaniel, [the] Desta M. Johnson Trust, Joyce Novasad, Lorenzo Rodriguez, Blain & Annette Cathey, and Stecklein Land LLC." (Alteration added.) As explained above, this is enough to name and identify the petitioning "parties" as required by I.A.R. 17(d). However, the petition does not include the physical address and phone numbers for each of these "parties" as required by I.A.R. 17(d) and I.A.R. 11.2(a), and the subsequent omitted signatures filing, Exhibit A, only includes their physical addresses—not their phone numbers. Nevertheless, on these points, each of these filings merely "erroneously" states or omits this information as required by I.A.R. 17(d) and I.A.R. 11.2(a). Thus, on remand, such errors may be cured through a timely filing that will relate back to the original petition, I.A.R. 17(m), and these errors do not render the original petition defective.

18

Notably, there is one problem related to naming and identifying the petitioning parties. The subsequent omitted signatures filing, Exhibit A, appears to *add* two new petitioners—"Erik & Shellie Hall"—who were not named or identified as petitioners in the original petition. Indeed, neither the omitted signatures filing, nor any other filing subsequent to the petition, suggests that there was a *mistake* in the timely petition where, for example, "Erik & Shellie Hall" might be the correct legal names for two persons already named in the original petition. Thus, *without more*, the portion of the omitted signatures filing that adds "Erik & Shellie Hall" as "parties" to the petition for judicial review does not relate back to the timely petition. In other words, unless error or mistake as to the naming or identifying of the "parties" is shown on remand, the only "parties" who may proceed forward as petitioners are those named in the original petition.

We must also address the amendment of erroneously stated or omitted signatures. As noted above, it is undisputed that the petition did not include either a signature of an attorney for the aggrieved property owners, or the individual signatures of the aggrieved property owners. However, on remand, the aggrieved property owners (i.e., the petitioning "parties" identified above and named in the original petition) are permitted to cure this error through a timely filing that may relate back to the original petition. I.A.R. 17(m). Indeed, based on the record on appeal, the omitted signatures filing, Exhibit A, provides only a *partial* cure for the omitted signatures. This is because the omitted signatures filing provides proper signatures *only* for the following ten (out of fourteen) named petitioners: Debra Steele, Blain J. & Annette Cathey, Tricia L. Gay, Walter A. & Irma M. Gay, Brett Ray McDaniel, Joyce C. Novasad, Paul Phelps, and Lorenzo Rodriguez.

Regarding the four other petitioners, the filing does not include signatures for petitioners Paul B. & Linda McDaniel; the signature by "Shelly Lewis" purporting to sign on behalf of petitioner "Desta M. Johnson Trust" fails to indicate what authority or capacity, if any, "Shelly Lewis" has to sign on behalf of that trust, *see The David & Marvel Benton Tr. v. McCarty*, 161 Idaho 145, 156, 384 P.3d 392, 403 (2016); and the illegible signatures by two persons purporting to sign on behalf of the petitioner "Stecklein Land LLC" similarly fails to indicate what authority or capacity, if any, those persons have to sign on behalf of that limited liability company, *see Est. of Collins v. Geist*, 143 Idaho 821, 827, 153 P.3d 1167, 1173 (2007) (applying now repealed I.C. § 53-616(2)(b)); *see also* I.C. §§ 30-25-105 and -110 (applying to limited liability companies formed after a certain date or in certain circumstances). On remand, for Paul B. & Linda McDaniel, the Desta M. Johnson Trust, and Stecklein Land LLC to satisfy the signature requirement and

proceed as petitioners, a timely filling with corrected signatures—from a licensed attorney in the case of the trust and the company—is required. If timely done, this corrected filing will relate back to cure the defect in the original petition. *See* I.A.R. 17(m).

We pause here to emphasize that although neither a business entity nor a trust may appear in court pro se, *Indian Springs LLC,* 147 Idaho at 744–45, 215 P.3d at 464–65, this does not mean filings by an entity or trust, done without a licensed attorney, are an uncurable nullity to which a subsequent filing—done *with* a licensed attorney—cannot relate back. The "nullity theory" is a "remnant of an earlier era of strict pleading requirements[,]" and precludes a party from amending a defective pleading with relation back because the defective pleading is treated as a "legal nullity" that "never existed." *Trimble*, 130 Idaho at 302, 939 P.2d at 1381. We have expressly declined to adopt the nullity rule in Idaho at the pleading stage, and instead allow amendment and relation back under I.R.C.P. 15(c) to "secure the just, speedy and inexpensive determination of every action and proceeding." *Id.* (quoting I.R.C.P. 1(a) now I.R.C.P. 1(b) as of July 1, 2016). Moreover, we recently reaffirmed our rejection of the nullity rule, and held that "when a party moves to amend an improperly signed pleading, written motion, or *other paper* to cure a violation of [I.R.C.P. 11(a)], a district court has the discretion to permit a party to cure the signature, depending on the circumstances of the particular case." *Luck*, 171 Idaho at__, 518 P.3d at 357 (emphasis added).

Both I.R.C.P. 83 and 84 simply require that a notice of appeal or petition for judicial review be timely filed to commence the appeal or judicial review proceeding—not that the filing be perfect. *See* I.R.C.P. 83(b), (m) and I.R.C.P. 84(b), (n). Accordingly, and consistent with *Trimble*, *Luck*, and I.R.C.P. 1(b), the nullity rule does not operate on a notice of appeal or petition for judicial review to prevent an entity or trust from timely curing a defective notice or petition filed without an attorney through amendment and relation back under I.A.R. 17(m).

Instead, filings by nonattorneys on behalf of an entity or trust are curable defects. *See Downtown Disposal Servs., Inc. v. City of Chicago*, 979 N.E.2d 50, 55 (Ill. 2012) (citing nineteen jurisdictions that support this principle and rejecting the line of authority suggesting that all actions by a nonattorney on behalf of an entity are a nullity). And failure of a party to "timely" cure defects in a notice of appeal or petition for judicial review is not "jurisdictional"—but may be grounds for such other action or sanction as the district court deems appropriate, which "may include dismissal" of the notice or petition after a reasonable opportunity to cure. I.R.C.P. 83(m), 84(n); *see, e.g.*, *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981) (ordering a conditional dismissal of

20

a corporation's notice of appeal filed by someone who is not an attorney unless the corporation obtains counsel within thirty days); *In re IFC Credit Corp.*, 663 F.3d 315, 317–21 (7th Cir. 2011) (Posner, J.) (holding that a bankruptcy petition, signed only by the president of the corporation who was not an attorney, did not render the proceedings a nullity and did not warrant sanctions or dismissal based on the circumstances).

Only after a reasonable opportunity to cure the defective notice or petition may the district court consider the appropriate action or sanction, and whether dismissal is appropriate, by examining, for example, whether: (1) the nonattorney filing the notice or petition for the entity or trust did so with knowledge that the action was improper; (2) the entity or trust acted diligently in correcting the mistake by obtaining counsel; (3) the nonattorney's participation was minimal; and (4) the nonattorney's participation resulted in prejudice to the opposing party. *See* 9A FLETCHER CYC. OF THE LAW OF PRIVATE CORP. § 4463 (Sept. 2022); *see, e.g.*, *Perez v. Berhanu*, 583 F. Supp. 2d 87, 89 (D. D.C. 2008) (determining that sanctions were appropriate, including a default judgment, where the defendant entity was given extensions to obtain counsel but failed to do so). This list of factors is neither required nor exhaustive but may change based on the factual circumstances of any particular case.

Here, as explained above, the Desta M. Johnson Trust and Stecklein Land LLC were parties named in the timely petition for judicial review but failed to provide any signatures. Thus, on remand, each is permitted a reasonable opportunity to cure this defect, through licensed counsel.

Finally, we address the district court's concern over the signature by Weaver, a non-petitioner and non-attorney, purporting to represent "Riverton Citizens Group," i.e., the aggrieved property owners, and the five signatures by *pro se* petitioner Debra Steele on the subsequent filings, purporting to do the same. Such errors do not cause the timely petition to be so defective as to deprive the district court of subject matter jurisdiction, I.R.C.P. 84(n), nonetheless, those signatures were made in "violation of" I.A.R. 11.2(a)—as were the signatures in the third filing, Exhibit A, purporting to represent the Desta M. Johnson Trust and Stecklein Land LLC (unless it can be shown on remand that those signing are licensed attorneys).

A signature on a filing is typically in "violation of" Rule 11.2(a) when done in violation of the rule's frivolous filing or improper purpose clauses. *See Andrews*, 162 Idaho at 160, 395 P.3d at 379. But a person also signs a filing in "violation of" Rule 11.2(a) when they sign purporting to represent another person or entity in court—and are not a licensed attorney. *See* I.C. § 3-104

21

(prohibiting the unlicensed practice of law); *Citibank (S. Dakota), N.A. v. Carroll*, 148 Idaho 254, 260, 220 P.3d 1073, 1079 (2009) ("[W]hile a person has a right to represent himself or herself pro se, the right does not extend to the representation of other persons or entities."). When there is a "violation" of I.A.R. 11.2(a), the imposition of appropriate sanctions is mandatory. *See* I.A.R. 11.2(a) ("[T]he court, upon motion or upon its own initiative, *shall* impose upon the person who signed it, a represented party, or both, an appropriate sanction." (emphasis added)).

Accordingly, on remand, the district court shall impose the appropriate sanction, and consider in its discretion who to impose it on (e.g., Weaver, Steele, those signing for the Desta M. Johnson Trust and Stecklein Land LLC, all of the named petitioners, or some other combination), for the improper signature of Weaver on the petition, the improper signatures of *pro se* petitioner Debra Steele on the five filings, and the presumptively improper signatures of those purporting to represent the Desta M. Johnson Trust and Stecklein Land LLC. An appropriate sanction here may include, but is not limited to, "an order to pay the other party or parties the amount of reasonable expenses incurred *because of*" the filings signed in violation of I.A.R. 11.2(a), "including a reasonable attorney's fee." I.A.R. 11.2(a) (emphasis added).

In summary, consistent with the principles above, the errors in the timely petition may be corrected on remand through a timely filing or amended petition that relates back to the date of the original petition. None of the errors in the timely petition relating to caption, naming and identification of parties, or signature requirements deprived the district court of subject matter jurisdiction. Thus, jurisdiction exists for judicial review of the County's action, and this case may proceed consistent with this opinion.

## IV.    CONCLUSION

For the reasons stated above, the district court's judgment of dismissal is vacated, the district court's order dismissing the petition is reversed, and this case is remanded for further proceedings.

Justices STEGNER, MOELLER, and ZAHN, CONCUR.


BEVAN, Chief Justice, concurring and dissenting:

I agree with the majority's conclusion that we must reverse this case as to the individual petitioners, and that based on *Luck v. Rohel*, 171 Idaho 51, 518 P.3d 350 (2021), the entity-petitioners will be allowed to seek amendment before the district court through a pleading filed by

22

a properly licensed attorney. I write separately to dissent from the majority's decision to overrule *Medrain v. Lee*, 166 Idaho 604, 462 P.3d 132 (2020), based on the narrow facts of that case. *Medrain* was grounded in an appeal from the magistrate division of district court in which the two "appellants" named in the notice of appeal, Jade Lee and Golden China, LLC were represented by counsel at the time the notice was filed by Bing Lee. Counsel failed to file a notice of appeal. I would thus uphold *Medrain* and not allow today's opinion to give negligent attorneys a pass to allow another attorney to file a notice of appeal nearly seven months after the time to appeal expired. I accordingly dissent on this limited question.

### A. The facts of *Medrain*.

I begin by addressing *Medrain* and the facts of that case. While the majority opinion references these facts generally, I reiterate them in more detail to support my position.

Medrain sued Bing and Jade Lee and Golden China LLC for breach of contract. 166 Idaho at 606, 462 P.3d at 134. The magistrate court found for Medrain. *Id.* After that decision, Bing filed a pro se notice of appeal to the district court, which listed Bing, Jade, and Golden China, LLC as the appellants. Bing was the only signatory to the notice of appeal, though the notice of appeal listed "Jade Lee, an individual, Bing Lee, an individual, and Golden China Limited Liability Company, an Idaho limited liability company[.]" *Id.* at 608, 462 P.3d at 136. All the parties were represented by an attorney when Bing filed the notice of appeal[1], but the attorney never signed or filed a notice of appeal as required under Rule 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record licensed in the State of Idaho, in the individual attorney's name, or by a party personally if the party is unrepresented."). *Id.* Indeed, nine months after the notice of appeal was first filed, a new attorney entered a notice of appearance and filed an amended notice of appeal on behalf of all three parties. *Id.* Medrain moved to dismiss the appeal in part, which the district court granted, holding that while Bing filed a timely notice of appeal on his own behalf (this decision remains questionable in my mind, but it was not raised by

---

[1] The legitimacy of a pro se "filing" while represented by counsel has been rejected by this Court in civil cases. *See Ward v. State*, 166 Idaho 330, 333, 458 P.3d 199, 202 (2020) (recognizing that Ward's attempted pro se filing while represented by counsel was not a "valid motion, properly brought before the district court," and that "[w]hile the circumstances of a criminal case may require a court to allow this type of hybrid representation for limited purposes such as invoking the Sixth Amendment right to self-representation, **we do not find it appropriate in a civil case**.") (emphasis added). This question was not raised by the parties in *Medrain*, but it underpins some of my reasoning for why *Medrain* should remain good law going forward.

23

Medrain below), he did not have the authority to sign documents for Jade or Golden China. *Id.* The district court also held that the amended notice of appeal could not relate back to Bing's original notice under I.A.R. 17(m) because it was adding parties, not information. *Id.*

On appeal to this Court, we noted that Bing did not have the authority to sign a notice of appeal on behalf of Jade or Golden China, LLC as a non-attorney; Bing could sign only on behalf of himself. *Id.* We explained that "by the time Jade and Golden China retained new counsel and filed the amended notice of appeal, the time to appeal had long-since expired." *Id.* at 608, 462 P.3d at 136. Because an amended notice of appeal "sought to add Jade and Golden China as parties," to Bing's appeal, rather than "information or facts[,]" we held that the notice of appeal did not relate back to the date that notice of appeal was filed. *Id.* As a result, only Bing's appeal could move forward. *Id.* Finally, we noted that, as a business entity, Golden China LLC "could not have signed Bing's pro se appeal because 'a business entity . . . must be represented by a licensed attorney before an administrative body or judicial body.'" *Id.* (quoting *Indian Springs LLC v. Indian Springs Land Inv., LLC*, 147 Idaho 737, 744–45, 215 P.3d 457, 464–65 (2009)).

### B. *Medrain* **remains good law.**

The majority has concluded today that Riverton Citizens Group may file an amended petition with a corrected caption, which will relate back to the time the original petition was filed so that the district court has subject matter jurisdiction to conduct judicial review. Under the authority of *Luck* and Idaho Rule of Civil Procedure 84*,* I concur with this result as to the individual petitioners and even as to the entity defendants, even though I have reservations about what mischief may arise from this holding and how it might be utilized to evade our unauthorized practice of law statutes. *See* I. C. § 3-420 (the unauthorized practice of law is a misdemeanor, punishable by a fine "not to exceed five hundred dollars ($500), or [imprisonment] for a period of not to exceed six (6) months, or both . . .). Even so, based on Rule 84 and the rationale of the majority, I must concur.

But I disagree that *Medrain* should be overruled based on what it decided and how the case was presented. First, the moving party below only sought to dismiss Jade and Golden China LLC's appeals; thus, no issue was raised before this Court about the validity of Bing's notice of appeal in the first place. Even so, *Medrain* was based on both Idaho Rules of Civil Procedure 11(a) and 83 and Idaho Appellate Rule 17(m). Rule 83 governs "Appeals from Decisions of Magistrates" and requires a notice of appeal to be filed within forty-two days from the date of the judgment. I.R.C.P.

24

83(b)(1)(a). Under Rule 83, the failure to timely file a notice of appeal will result in automatic dismissal:

> The failure to file a notice of appeal or notice of cross-appeal with the district court within the time limits set out in this rule is jurisdictional and will cause automatic dismissal of the appeal. This dismissal may be pursuant to a motion by any party, or upon the district court's initiative. Failure of a party to timely take any other step in the appellate process is not jurisdictional, but may be grounds for other action or sanction as the district court deems appropriate, which may include dismissal of the appeal.

I.R.C.P. 83(m).

Second, Idaho Rule of Civil Procedure 11(a) requires that any document filed in court (including a notice of appeal from magistrate to district court) *be signed by an attorney if the party is represented* or signed by the party if the party is not represented:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record licensed in the State of Idaho, in the individual attorney's name, *or by a party personally if the party is unrepresented*.

(Emphasis added). Under the Idaho Appellate Rule, however:

> If the notice of appeal, petition, motion, brief, or other document is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the notice of appeal, petition, motion, brief or other document including a reasonable attorney's fee.

I.A.R. 11.2(a).

This rule provides broad sanction authority. Thus, an "appropriate sanction" under Appellate Rule 11.2(a) includes the authority to take no notice of a pleading filed in violation of the rule, particularly considering *Ward's* holding that "hybrid" filings by a litigant while represented by counsel are not appropriate in a civil case. *Ward*, 166 Idaho at 333, 458 P.3d at 202. Thus, the doctrine of nullity, as discussed in *Luck*, is not applicable to *Medrain*. The *Medrain* opinion never mentions principles of nullity and they were never argued. Those standards do not limit a trial court's ability to disregard pleadings filed in contravention of Rule 11.2(a). Idaho Appellate Rule 17(m) continues to prohibit a party, like Jade or the LLC in *Medrain*, from filing an amended notice and adding parties. *Medrain*, 166 Idaho at 608, 462 P.3d at 136 ("the amended notice of appeal did not seek to add *information or facts* to [Mr. Lee's] notice of appeal, instead it sought to add Jade and Golden China as *parties*."). I would hold that this principle endures since both the Civil Procedure Rule 11 and the Appellate Rule 11.2 governed the result there. The initial

25

pleading signed by Bing on behalf of other *presently represented* parties was invalid. I therefore respectfully dissent as to this narrow issue.